### Norfolk

JOSE LUIS VANEGAS

v.

COMMONWEALTH OF VIRGINIA

No. 0236-92-1

Decided December 7, 1993

452

COUNSEL

Brenda C. Spry, Deputy Public Defender (John H. Underwood, III, Public Defender, on brief), for appellant.

Robert B. Condon, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—Jose Luis Vanegas (appellant) appeals from a judgment of the Circuit Court of the City of Portsmouth (trial court) that approved jury verdicts convicting him of abduction with intent to defile (Code § 18.2-48) and rape (Code § 18.2-61). Appellant contends (1) the abduction and rape convictions were barred by double jeopardy principles because of his previous conviction in the City of Norfolk for felony murder; and (2) the evidence was insufficient to support his conviction for rape. For the reasons that follow, we affirm.

On appeal, the judgment of the trial court is presumed correct and the burden is on the party who alleges error to show by the record that reversal is the remedy to which appellant is entitled. *Johnson v. Commonwealth*, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991) (citation omitted); *Wymer v. Commonwealth*, 12 Va. App. 294, 296, 403 S.E.2d 702, 704 (1991). A conviction will not be overturned on appeal unless it appears from the record that it is "plainly wrong or without evidence to support it." *Collins v. Commonwealth*, 13 Va. App. 177, 179, 409 S.E.2d 175, 176 (1991). In our consideration of the appeal, "[w]e are required to view the evidence in the light most favorable to the Commonwealth," granting to it all reasonable inferences fairly deducible therefrom. *Wood v. Commonwealth*, 8 Va. App. 560, 563-64, 382 S.E.2d 306, 308 (1989).

### I. The Felony Murder

Appellant was first tried in the Circuit Court of the City of Norfolk pursuant only to the following indictment:

**The grand jury charges that:** On or about June 19, 1990, in the City of Norfolk, JOSE VANEGAS feloniously did kill and murder Jennifer M. Ball.

Va. Code Section 18.2-32; 18.2-10

Code § 18.2-32 provides:

> Murder, other than capital murder, by poison, lying in wait, imprisonment, starving, or by any willful, deliberate, and premeditated killing, or in the commission of, or attempt to commit, arson, rape, forcible sodomy, inanimate object sexual penetration, robbery, burglary or abduction, except as provided in § 18.2-31, is murder of the first degree, punishable as a Class 2 felony.
>
> All murder other than capital murder and murder in the first degree is murder of the second degree and is punishable as a Class 3 felony.

The victim's body was discovered in Norfolk. The evidence indicated that she had been the victim of a homicide. The police did not know where the killing occurred. In such case, Code § 19.2-247 directs that the trial of one accused of the murder be conducted in Norfolk:

> Where evidence exists that a homicide has been committed either within or without this Commonwealth, under circumstances which make it unknown where such crime was committed, the offense shall be amenable to prosecution in the courts of the county or city where the body of the victim may be found, as if the offense has been committed in such county or city.

Appellant elected to be tried by the court and was found guilty as charged in the indictment. His petition for an appeal to the Court of Appeals was denied.

## II. The Abduction and Rape

In addition to the murder charge tried in Norfolk, appellant was indicted by a Circuit Court of the City of Portsmouth grand jury that charged as follows:

> The Grand Jury charges that: on or about June 19, 1990, in the City of Portsmouth, Jose Luis Vanegas did abduct Jennifer M. Ball, a child 14 years of age, with the intent to defile,
>
> **COUNT TWO:** on or about June 19, 1990, in the City of Portsmouth, Jose Luis Vanegas did have sexual intercourse with Jennifer M. Ball, a child 14 years of age, against her will, by force, threat and intimidation or through the use of Jennifer M.

Ball's physical or mental incapacity, against the peace and dignity of the Commonwealth of Virginia.

Va. Code § 18.2-48, 18.2-61

At trial, appellant argued that if he were prosecuted pursuant to that indictment, he twice would be placed in jeopardy for offenses the Commonwealth was required to prove to support the Norfolk felony conviction. Therefore, appellant further asserts, the prosecution violated the Double Jeopardy Clause of the United States Constitution. Appellant presents the same argument on appeal.

▮ We disagree with the premises asserted and hold that this case is controlled by the "jurisdictional exception" rule clearly enunciated in *Curtis v. Commonwealth*, 13 Va. App. 622, 414 S.E.2d 421 (1992) (en banc). The jurisdictional exception has long been recognized as a limitation of the double jeopardy principle. *Id.* "In *United States v. Ball*, 163 U.S. 662 (1896), the United States Supreme Court recognized that a prior proceeding in a court lacking jurisdiction over the matter does not bar a subsequent proceeding 'in a court which has jurisdiction of the offence.'" *Curtis*, 13 Va. App. at 628, 414 S.E.2d at 424; *see also Diaz v. United States*, 223 U.S. 442, 448-49 (1912); *Grafton v. United States*, 206 U.S. 333, 345 (1907).

In the case before us, the Circuit Court of the City of Norfolk was the only jurisdiction in which appellant could have been prosecuted for murder. *See* Code § 19.2-247. Appellant does not disagree with that premise. However, he further argues that Code § 18.2-359(B) permitted the rape charge to be tried in Norfolk and, therefore, the jurisdictional exception is not applicable to this case. Code § 18.2-359(B) provides:

Venue for the trial of any person charged with committing or attempting to commit criminal sexual assault under Article 7 (§ 18.2-61 et seq.) of Chapter 4 of this title may be had in the county or city in which such crime is alleged to have occurred or in any county or city through which the victim was transported by the defendant prior to the commission of such offense.

In the case before us, sufficient evidence was presented from which the trier of fact could have inferred that the victim had been raped. No evidence was presented that the rape occurred in Norfolk or that the victim was transported to Norfolk "by the defendant prior to the com-

mission of such offense." Therefore, Code § 18.2-359(B) did not give the Norfolk court jurisdiction to try appellant for rape.

Appellant further argues that the abduction charge could have been tried in Norfolk because abduction is a continuing offense for which a defendant may be prosecuted in each jurisdiction into which the victim is transported by the accused. *See* Code § 18.2-359(A). We have examined the record and find that the evidence is insufficient to prove that the victim was alive when transported to Norfolk. The record clearly discloses, however, that appellant forcefully abducted the victim from her place of dwelling in Portsmouth.

For the reasons stated, we find that the prosecution of appellant in Portsmouth pursuant to the indictments of abduction and rape were not barred by double jeopardy principles.

### III. Sufficiency of the Evidence for Rape

Appellant does not argue that the evidence is insufficient to support the abduction charge. He argues, however, that while sufficient evidence proved that the victim was raped, it is insufficient to prove that appellant was the perpetrator. We disagree.

The record contains evidence that appellant applied force, an element of rape, to the victim when he abducted her in Portsmouth; that the victim had been sexually assaulted; that both the victim and appellant had Type B blood (found only in twelve percent of the population) and both were Type B secretors; that Type B blood was found on appellant's shorts, inside the fly area and on his underpants; and that a foreign hair consistent with that of appellant was found in the victim's pubic hair. There was no other evidence in this record from which it reasonably could be inferred that a person other than appellant was the criminal agent.

For the reasons stated, the judgments of the trial court are affirmed.

*Affirmed.*

Moon, C.J., and Bray, J., concurred.