## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Daron Fairbanks McDaniel, Sr.

January 15, 1998

Case No. CR 10185-02

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion of the defendant to dismiss on the grounds of double jeopardy. The motion to dismiss on the grounds of double jeopardy is overruled. My reasons are set forth below.

The defendant is charged in the above indictment with grand larceny of an automobile of Donetta Jenkins. This event is alleged to have occurred on June 8, 1997. The defendant was previously charged with grand larceny of the same automobile on the same date in the City of Lynchburg. The Lynchburg case was dismissed on July 15, 1997. The defendant bases his motion to dismiss the case on the grounds of double jeopardy on the dismissal of the Lynchburg case.

I have reviewed the testimony in the trial of the case in the Circuit Court of the City of Lynchburg on July 15, 1997. When the court struck the evidence in the Lynchburg case, the court ruled that it did not have jurisdiction of the grand larceny case because the grand larceny case occurred in Amherst County. (T. 96.) The testimony of the complaining witness supported the ruling of the Lynchburg Circuit Court. Donetta Jenkins, the victim, said that she changed her mind about going to Baltimore when she got into Amherst County, Madison Heights. (T. 53.)

The Supreme Court of the United States has held that double jeopardy does not extend to an offense beyond the jurisdiction of the court in which the accused is tried. *United States v. Ball*, 163 U.S. 662, 669, 41 L. Ed. 300, 16 S. Ct. 1192 (1896). In *Curtis v. Commonwealth*, 13 Va. App. 622, 628, 414 S.E.2d 421 (1992), the Supreme Court of Virginia held that the jurisdictional

exception is a limitation of the double jeopardy principal, citing *United States v. Ball* as the controlling authority. See also *Vanegas v. Commonwealth*, 17 Va. App. 451, 454, 438 S.E.2d 289 (1993).

I direct that the Commonwealth's Attorney prepare an Order which implements the decision set forth in this letter which overrules the motion to dismiss on the grounds of double jeopardy.