Norfolk

REGINALD COLLINS

v.

COMMONWEALTH OF VIRGINIA

No. 1221-90-1

Decided September 24, 1991

178

Counsel

W. Farley Powers, Jr. (Bashara & Hubbard, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

DUFF, J.—Reginald Collins contends that the evidence was insufficient in his bench trial to prove beyond a reasonable doubt that he possessed cocaine with the intent to distribute. He urges us to reverse his conviction of that charge and also a related charge of possession of a firearm while in possession of cocaine. We find sufficient evidence in the record, when viewed in the light most favorable to the Commonwealth, to create a question of fact as to whether Collins was in possession of the cocaine. Under such circumstances, we may not substitute our judgment as to the facts for that of the trial court and, accordingly, we affirm the convictions.

On the evening of October 26, 1989, based on information that had come to them, members of the special investigator's unit of the Virginia Beach Police Department went to Windless Circle, an apartment complex in Virginia Beach. When Detective Huston turned a corner in the complex, he saw Collins in a vehicle in a dimly lit parking lot. He pulled up behind Collins' vehicle and stopped approximately thirty feet away. He observed Collins sitting sidesaddle in the front seat of the vehicle. As Collins left his vehicle, he made a throwing motion under the vehicle with his right arm. Detective Huston approached and illuminated the area underneath the vehicle with his flashlight. Detective Smith, who was accompanying Detective Huston, retrieved from underneath the vehicle a plastic baggie containing fourteen smaller baggies of a white substance. The record contains no evidence that any other items, except the baggies, were found beneath the vehicle. A subsequent certificate of analysis from the Bureau of Forensic Science identified the baggies as containing approximately 1.9 grams of cocaine, a schedule II substance.

The defendant was arrested and charged with possession of cocaine. The detectives determined that Collins did not live in the apartment complex and arrangements were made for his car to be towed. An inventory search revealed a .357 caliber Smith and Wesson revolver in the vehicle.

Collins contends that the Commonwealth failed to prove possession of the cocaine beyond a reasonable doubt. He argues that no one saw any contraband in his hand; that the officers observed him in a dimly lit parking lot make a motion with his hand as he exited the vehicle; and that the evidence does not negate the possibility that the cocaine was already under the car. We disagree.

Detective Huston, while conceding in his testimony the possibility that Collins could have slipped and fallen in an attempt to catch himself, positively described the arm motion as, "That's the motion I observed; that he was throwing something under the car, yes, sir."

■ When a defendant challenges the sufficiency of the evidence, we are required to review the evidence "in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom." *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975); *see Crews v. Commonwealth*, 3 Va. App. 531, 537, 352 S.E.2d 1, 4 (1987). The conviction will not be reversed unless it is "plainly wrong or without evidence to support it." *Id.*

■ It is fundamental that "the credibility of witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the witnesses." *Schneider v. Commonwealth*, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985). The trial judge, sitting as the trier of fact, found that the police officer observed a throwing motion "and immediately thereafter shined his flashlight in the area where he had observed the throwing motion and found this package. . . ."

The court could have found that Collins was merely off balance as he exited the car, or that he slipped and was attempting to catch himself. But the court did not so find. Instead, the court found that Collins in fact threw drugs under the vehicle and that finding is binding on us, unless it is incredible or plainly wrong. It

is neither under the facts in this record.

The trial court was not unmindful of Collins' argument that the cocaine might have already been under his car. The judge discounted this possibility, observing that the cocaine was "something of significant value and not something that one is likely to have abandoned or carelessly left in the area there."

Thus, the record, when viewed in the light most favorable to the Commonwealth, contains credible evidence that Collins threw something under his car upon the approach of Detective Huston. The plastic baggies of cocaine were found under his car immediately thereafter. This evidence was sufficient to support his conviction of possession of cocaine with the intent to distribute and the related firearm charge.

*Affirmed.*

Baker, J., concurred.

Benton, J., dissenting.

Detective Huston admitted that he saw nothing in Reginald Collins' hand when Collins exited the automobile. Huston also admitted that what he described as a throwing motion may not have been a throw:

Q: Could he have been off balance getting out of the car?
A: Yes, sir.
Q: Could he have slipped and fallen in attempting to catch himself?
A: It's possible, yes, sir.
Q: So it's not necessarily a throwing motion then?
A: What I perceived then was a throwing motion. It could have been anything.

"[W]here, as here, a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" *Garland v. Commonwealth*, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting *Inge v. Commonwealth*, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). "Suspicious circumstances, including proximity to a controlled drug, are insufficient to support a conviction." *Behrens v. Common-*

*wealth*, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986).

On the evidence in this record, the Commonwealth failed to prove Collins' possession beyond a reasonable doubt. The circumstantial evidence shows only that a detective saw Collins from a distance of thirty feet in a dimly lit parking lot make a motion as Collins exited his automobile. The detective admitted that the motion he saw "could have been anything" and that he never saw anything in Collins' hand. This proof is not entirely consistent with guilt nor is it inconsistent with Collins' claim of innocence. It does not negate the hypothesis that the cocaine was already on the ground where it was found. The proof merely raises a suspicion that Collins threw the cocaine under the automobile. When, as here, "the evidence leaves it indefinite which of several hypotheses is true, or establishes only some finite probability in favor of one hypothesis, such evidence cannot amount to proof, however great the probability may be." *Massie v. Commonwealth*, 140 Va. 557, 565, 125 S.E. 146, 148 (1924).

For these reasons, I dissent and would reverse the convictions.