COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Overton


MELVIN K. ACORS

v.       Record No. 0538-95-2        MEMORANDUM OPINION[*] BY
                                     JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                  APRIL 16, 1996


FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
William H. Ledbetter, Jr., Judge


(Michael J. George, on brief), for appellant.
Appellant submitting on brief.

(James S. Gilmore, III, Attorney General;
Eugene Murphy, Assistant Attorney General, on
brief), for appellee. Appellee submitting on
brief.


Melvin K. Acors appeals his conviction for possession of
cocaine on the ground that the evidence is insufficient to
sustain the conviction. We hold that the evidence is sufficient
to prove that the defendant possessed the cocaine found by the
police and affirm his conviction.

The dispositive issue in this case is whether the
circumstantial evidence proves beyond a reasonable doubt that the
item which the defendant was seen to have thrown away when
confronted by police officers was cocaine found in the vicinity
where the item was thrown.

---

[*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

# I.  FACTS

Officer Doug Perkins of the Fredericksburg Police Department, along with several other officers, went to a home in Fredericksburg to execute a search warrant.  When Perkins approached the house from the rear along a dark alleyway, he heard voices coming from the street.  He saw the defendant and another man coming down the alleyway "from the front of the house."  Perkins called out "Police . . . [g]et on the [g]round," and turned his flashlight on the men when they were approximately ten to fifteen feet away.  At that point, the defendant reached into his pocket, removed "a dull white object" that was "[a]bout the size of a small ball," and threw it into an adjoining yard over a chain link fence and shrubs.  Perkins testified that although he did not "see [the object] land because the shrubs were in the way, he "could estimate where [the object] landed."  He testified that the defendant "made a second throwing motion in the same manner, but [that he] couldn't see anything leave his hand" that time.

After securing the two men, Perkins assisted the other officers in "raid[ing] the house," which took about "three to five minutes."  After executing the search warrant, Perkins told Detective Brent Taylor that he had "observed the [defendant] throw something over the fence."  Perkins and Taylor went to the "adjoining yard" and Perkins "showed Detective Taylor where [he] felt this item that was thrown across the fence should be."  They

"[w]alked right to . . . a baggie containing suspected crack cocaine." According to Perkins, the "yard was fairly well groomed and mowed," and they did not see or find any other white objects on the ground. Perkins testified that he had never before been in the yard. After finding the baggie, Perkins returned to the alleyway and identified the defendant as the person he had seen who threw the object over the fence.

On cross-examination, Perkins testified that the area was known for drug activity. He also testified that the defendant was not named or mentioned in the search warrant, that he had primarily focused his attention on the defendant, and that he did not shine his flashlight on the second individual.

## II. ANALYSIS

In Collins v. Commonwealth, 13 Va. App. 177, 409 S.E.2d 175 (1991), the police officer drove his patrol car into a dimly lit parking lot and stopped approximately thirty feet behind Collins, who was sitting in a parked vehicle. Id. at 178, 409 S.E.2d at 175. When Collins exited the vehicle, the officer saw him make "a throwing motion under the vehicle with his right arm." The officer immediately "approached [the vehicle] and illuminated the area underneath the vehicle with his flashlight." A second officer "retrieved from underneath the vehicle a plastic baggie containing fourteen smaller baggies of a white substance." Id. On these facts, we held that the evidence was sufficient to prove that the cocaine recovered from underneath the vehicle had been

cocaine that the defendant possessed and threw under the vehicle. See also Beverly v. Commonwealth, 12 Va. App. 160, 165, 403 S.E.2d 175, 177-78 (1991) (holding that the evidence was sufficient to sustain a conviction for possession of cocaine where "the police found a package containing almost two grams of cocaine at the place where appellant had dropped an object" just a short time earlier).

Here, Officer Perkins had his flashlight trained on the defendant from a distance of approximately ten to fifteen feet. He saw the defendant throw a dull white object into an adjoining yard and over a chain link fence and shrubs. Unlike the officer in Collins, Officer Perkins saw the object leave the defendant's hand. He was unequivocal in his testimony that the defendant made a throwing motion. See Collins, 13 Va. App. at 180, 409 S.E.2d at 176 (Benton, J., dissenting). A few minutes after Perkins saw the defendant throw the object, Perkins and Detective Taylor found a plastic baggie containing a white substance or "chunk" in the area of the adjoining yard where Perkins estimated that the object the defendant threw had landed. The substance was determined to be crack cocaine.

The evidence here, viewed in the light most favorable to the Commonwealth and granting to it "all reasonable inferences [that may be] drawn therefrom," creates more than "a mere suspicion" that the crack cocaine found in the adjoining yard by Officers Perkins and Taylor was the same item that the defendant was seen

to have possessed and thrown into the adjoining yard.  <u>Garland v. Commonwealth</u>, 225 Va. 182, 184, 300 S.E.2d 783, 784-85 (1983); <u>see also</u> <u>Gordon v. Commonwealth</u>, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971) ("Numerous decisions have affirmed convictions for possession of narcotic drugs resting on proof that a defendant was observed dropping or throwing away an identifiable object which, when subsequently recovered, was found to contain narcotics.").  The object found in the adjoining yard had the same physical appearance as the item the defendant was seen to have thrown, the officers observed no other objects in the vicinity, no other persons were observed in the area, it was a relatively private area rather than a public thoroughfare, and very little time lapsed between when the defendant was seen throwing an object and when the cocaine was retrieved.  <u>See</u> <u>Johnson v. Commonwealth</u>, 12 Va. App. 150, 153, 402 S.E.2d 502, 504 (1991) (stating that "the drugs were found in a relatively private area" in affirming a conviction for possession of cocaine with intent to distribute).  These facts identify unerringly that the item that the defendant threw across the fence when confronted by the police officers was the crack cocaine that was later retrieved.  Accordingly, the evidence is sufficient to support the defendant's conviction.

<u>Affirmed.</u>

BENTON, J., dissenting.


"[W]here, as here, a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). Because the evidence in this case fails to satisfy this standard, I would reverse the conviction.

The evidence proved that a police "SWAT" team was approaching a house in a "high drug area" at 11:30 p.m. to conduct a search for drugs. Because many people were standing near the front of the house, one group of officers approached the house from the rear through a dark alley. Officer Perkins saw Melvin Acors walking fast in the alley in a direction away from the street where the house was located. Another man was walking a few feet behind Acors. Officer Perkins testified that after he verbally confronted the two men, he noticed Acors throw a small object over a hedge in the backyard of the house adjacent to the house that was to be searched. He also observed Acors make a second throwing motion. The other man turned as if to retreat. Officer Perkins could not see whether the man who turned to retreat threw anything. He ordered both men to the ground.

Officer Perkins said the item Acors threw cleared a large hedge; however, he could not see where the object landed. After

- 6 -

Acors and the other man were prone on the ground, Officer Perkins left them in the custody of another officer. Officer Perkins continued to the house, entered it, and assisted other officers in securing the house for the search.

While Officer Perkins was in the house, Officer Taylor learned from an unidentified officer that "someone threw something" into the backyard of the adjacent house. Officer Taylor went into the backyard and looked beneath and around the bushes across from Acors but did not find any object. Officer Taylor then went into the house that was being searched and saw Officer Perkins. Officer Perkins, who had been in the house five minutes, accompanied Officer Taylor through the front gate of the yard where Officer Taylor had searched. Officer Perkins "estimated approximately where [the men stopped in the alleyway] and walked right to the object." Because of the height of the hedges and the darkness, Officer Perkins could not see Acors and the other man who were still prone on the ground. Officer Perkins testified that the object he found in the backyard, a small packet of cocaine, was "six to ten feet from the chain link fence and the shrubs."

This evidence creates a mere suspicion that the object Officer Perkins found in the backyard of the house was thrown by Acors. "Suspicion, however, no matter how strong, is insufficient to sustain a criminal conviction." Stover v. Commonwealth, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981). The

evidence fails to exclude the reasonable hypothesis that the object, located in a yard across the alley from a house that was raided for drugs, was not placed there by some other person for quick retrieval. Indeed, the evidence proved that this was a "high drug area" and that many people were loitering on the street in front of the house that was raided. Furthermore, the evidence does not exclude the possibility that when the man walking behind Acors turned to retreat, he tossed the object that Officer Perkins recovered.

The evidence did not prove that Acors threw an "identifiable object" and that the same object was recovered. See Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971). Merely identifying the recovered object as "the 'same color, size and shape'" as the object Officer Perkins believed Acors possessed raises only a suspicion or probability of guilt. Id. at 298, 183 S.E.2d at 736. "There must be an unbroken chain of circumstances 'proving the guilt of [Acors] to the "exclusion of any other rational hypothesis and to a moral certainty."'" Id. at 300, 183 S.E.2d at 737 (quoting Brown v. Commonwealth, 211 Va. 252, 255, 176 S.E.2d 813, 815 (1970)). Officer Perkins' belief that he recovered the same object thrown by Acors was speculation. He did not see the object after it passed beyond the hedges and fell in the dark. Thus, I would hold that the evidence was insufficient to prove beyond a reasonable doubt that Acors possessed the cocaine that was found in the yard.