COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Senior Judge Hodges
Argued at Norfolk, Virginia


ANTOINE D. PITTMAN, S/K/A
 ANTOINE DAUNTE PITTMAN

v.    Record No. 1666-96-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
BY JUDGE WILLIAM H. HODGES
JUNE 24, 1997

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Norman Olitsky, Judge

Brenda C. Spry, Deputy Public Defender, for
appellant.

Daniel J. Munroe, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Antoine D. Pittman (appellant) was convicted by a jury of
robbery and using a firearm in the commission of robbery.
Appellant contends that the evidence was insufficient to sustain
his convictions.  For the reasons that follow, we affirm.

In determining the sufficiency of the evidence to support a
conviction where a witness' identification is challenged, we look
to the reliability factors enunciated in Neil v. Biggers, 409
U.S. 188 (1972), as significant circumstances that may be
considered, along with other evidence.  See Smallwood v.
Commonwealth, 14 Va. App. 527, 530, 418 S.E.2d 567, 568 (1992)
(applying the Biggers analysis even though the accused did not

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

appeal trial court's denial of his motion to suppress the identifications).  These factors include

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Biggers, 409 U.S. at 199-200.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  So viewed, the evidence proved that around 2:20 p.m. on October 23, 1995, Ladrew Dennis was robbed at gunpoint after he returned to his delivery truck.  Dennis testified that he clearly saw the robber, who was less than a foot away from him.  Twenty to thirty minutes after the robbery, Detective David Dempsey showed Dennis loose photographs and a book containing mugshots.  At the time, Dennis was "nervous" and "excited," and, although some of the photos "were close," he did not identify anyone because he was "[n]ot absolutely" "100 percent sure at that time."  Dennis described the robber as having short hair, however, he could not say whether the robber's hair was braided.  He initially described the robber as weighing between 150 and 170 pounds.  On November 1, 1995, nine days after the robbery, Dennis viewed a six-man photo array containing appellant's photograph from the mugshot

book, and he positively identified appellant as the robber.  The other five photos in the array had not previously been viewed by Dennis.  Dennis unequivocally identified appellant at trial as the man who robbed him.

Detective Dempsey testified that Dennis described the robber "as a black male, approximately 18 years of age, 5'10" to 6 foot, 150 pounds, brown eyes, black hair, and the hair was short and curly."  According to Dempsey, appellant was "about 5'9", [and he weighed] something like, 200 pounds" on November 1, 1995, the day of his arrest.  Dempsey also stated that at the time of arrest, appellant's hair was not the same as it was in court.  Dempsey testified that, on November 1, 1995, appellant had "corn-row type hair."  Dempsey elaborated, "I wouldn't call it braided.  No.  I wouldn't call it braided.  Well, braided close to the head maybe."

The Commonwealth's evidence showed that Dennis had an adequate opportunity to view the robber at close range, that he paid a great deal of attention to the robber and that he unequivocally identified appellant's photograph in a photo array nine days after the crime.  Moreover, Dennis positively identified appellant in court as the robber.  The fact that Dennis failed to identify appellant's photo just after the robbery or that he erred in estimating appellant's weight went to the weight of the evidence and were for the fact finder to resolve.  Moreover, the description of the robber's hair style at

3

the time of the crime was not so incongruous with Dempsey's description as to render it unreliable or incredible. The fact finder is capable of "measuring intelligently the weight of identification testimony that has some questionable feature . . . . The defect, if there be one, goes to weight and not to substance." Manson v. Brathwaite, 432 U.S. 98, 116-17 (1977).

The fact finder believed the Commonwealth's evidence and rejected the alibi evidence presented by appellant. "It is fundamental that 'the credibility of witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the witnesses.'" Collins v. Commonwealth, 13 Va. App. 177, 179, 409 S.E.2d 175, 176 (1991) (quoting Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985)). The Commonwealth's evidence was competent, was reliable, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of robbery and use of a firearm. Accordingly, appellant's convictions are affirmed.

Affirmed.