COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


WILLIAM HENRY DAVIS

v.   Record No. 2994-96-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM H. HODGES
NOVEMBER 25, 1997

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge

Timothy G. Clancy (Cumming, Hatchett &
Jordan, on brief), for appellant.

Kimberley A. Whittle, Assistant Attorney
General (Richard Cullen, Attorney General, on
brief), for appellee.


In a bench trial, appellant, William Henry Davis, was convicted of possessing cocaine with the intent to distribute. The trial court sentenced him to twelve years of imprisonment with seven years suspended.  On appeal, Davis challenges the sufficiency of the evidence to prove that he possessed cocaine. Finding no error, we affirm appellant's conviction.

I.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  "It is fundamental that 'the credibility of witnesses and the weight accorded their testimony are matters solely for the fact finder

---

[*]Pursuant to Code § 17-116.010, this opinion is not designated for publication.

who has the opportunity of seeing and hearing the witnesses.'" Collins v. Commonwealth, 13 Va. App. 177, 179, 409 S.E.2d 175, 176 (1991) (quoting Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985)).

While on patrol in Newport News on the night of March 29, 1996, Officers Frank Nowak and J. D. Bell observed Davis on the street. In the same area were several "shot houses," where individual drinks of alcohol were sold. Nowak observed appellant, who was alone, turn away as the police cruiser drove past him. Nowak saw a light-colored object fall from appellant's hands and land near the front right side of a pickup truck. At the time, Nowak was approximately nineteen feet from appellant.

The officers stopped their vehicle in the middle of the street and approached appellant on foot. Appellant unzipped his pants and appeared to urinate. Nowak proceeded to the area in front of the pickup truck where he had seen the object land. About six inches under the right side of the truck was a light-colored object in a clear plastic container similar in size and appearance to the item he had seen appellant drop. Nothing else was beneath the truck. Only a minute or two had lapsed since appellant had dropped the item, and there was no one else in the area. Although it had been raining and the pavement beneath the container was wet, the top of the container itself was dry.

The plastic container recovered by Nowak held eight to nine

pieces of crack cocaine totalling more than four grams in weight. On the streets of Newport News, one gram of cocaine was worth $80 to $100. Appellant also possessed a pager, a cellular phone, and $478 in cash.

Testifying in his own behalf, appellant stated that he was in the area to gamble at a particular house. He said he had stopped to urinate when the police officers approached him. He testified that the cocaine found beneath the truck was not his, and he denied any knowledge of its presence.

## II.

Appellant argues that the evidence did not prove beyond a reasonable doubt that he possessed the cocaine Nowak recovered from beneath the truck.

> Possession may be actual or constructive. Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control."

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (en banc) (citations omitted). "While proximity to a controlled substance is insufficient alone to establish possession, it is a factor to consider when determining whether the accused constructively possessed drugs." Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc).

In Collins, the police officer drove his patrol car into a

dimly lit parking lot and stopped approximately thirty feet behind Collins, who was sitting in a parked vehicle. Id. at 178, 409 S.E.2d at 175. When Collins exited the vehicle, the officer saw him make "a throwing motion under the vehicle with his right arm." The officer immediately "approached [the vehicle] and illuminated the area underneath the vehicle with his flashlight." A second officer "retrieved from underneath the vehicle a plastic baggie containing fourteen smaller baggies of a white substance." Id. On these facts, we held that the evidence was sufficient to prove that the cocaine recovered from underneath the vehicle had been cocaine that the defendant possessed and threw under the vehicle. See also Beverly v. Commonwealth, 12 Va. App. 160, 165, 403 S.E.2d 175, 177-78 (1991) (holding that the evidence was sufficient to sustain a conviction for possession of cocaine where "the police found a package containing almost two grams of cocaine at the place where appellant had dropped an object" just a short time earlier).

Similarly, the evidence in this instance, viewed in the light most favorable to the Commonwealth and granting to it "all reasonable inferences [that may be] drawn therefrom," creates much more than "a mere suspicion" that the cocaine found beneath the truck was the same item that appellant was seen to have possessed and dropped there. See Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784-85 (1983). See also Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971)

4

(noting that "[n]umerous decisions have affirmed convictions for possession of narcotic drugs resting on proof that a defendant was observed dropping or throwing away an identifiable object which, when subsequently recovered, was found to contain narcotics").

As the police vehicle passed, appellant turned his body away and dropped a light-colored object. Nowak was approximately nineteen feet distant when he observed the object fall from appellant's hand, near a pickup truck. Moments later, Nowak found a plastic container with a light-colored substance inside at the spot where defendant had discarded the item. No other persons were in the area and no other objects were under the truck. Although it was raining and the ground beneath the container was wet, the container itself was dry. Defendant denied knowledge of the container or dropping any object. The substance in the container was determined to be crack cocaine.

"The Commonwealth [was] not required to prove that there [was] no possibility that someone else may have planted, discarded, abandoned or placed the drugs" on the ground. Brown, 15 Va. App. at 10, 421 S.E.2d at 883. The evidence unerringly identified the item that appellant dropped as the crack cocaine later retrieved. Accordingly, the evidence was sufficient to establish beyond a reasonable doubt that appellant possessed cocaine.

For these reasons, we affirm appellant's conviction.

Affirmed.

Benton, J., dissenting.

"[W]here, as here, a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). "Suspicious circumstances, including proximity to a controlled drug, are insufficient to support a conviction." Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986).

On the evidence in this record, the Commonwealth failed to prove beyond a reasonable doubt that William Henry Davis possessed the cocaine. The evidence proved that Officer Nowak saw Davis while Officers Nowak and Bell were patrolling at 11:00 p.m. in an area where people go to purchase alcohol and drugs. Davis, who was nineteen feet away, turned and began to urinate. Officer Nowak testified that when Davis turned, "something f[e]ll out of his hand." Officer Nowak also testified that he did not know what the object was and did not tell Officer Bell that he saw an object fall from Davis' hand. Although Officer Nowak described the item as light colored, he did not describe its size or shape.

The two officers approached Davis. Officer Nowak told Davis to put his hands on the car. After Davis did so, Officer Nowak walked to the front of a pickup truck. Officer Nowak testified

7

that he found a plastic container "underneath the . . . truck and about six inches under the right front side of the . . . truck." Nowak testified that the object was the same size and color as the item he saw fall from Davis' hand.

This proof is not entirely consistent with guilt nor is it inconsistent with Davis' claim of innocence. The evidence fails to exclude the reasonable hypothesis that the object, located under a truck in an area known for drug distribution, was placed there by some other person at an earlier time. Indeed, the evidence proved that the police officers were patrolling the area because drugs and alcohol were distributed and prevalent in the area. Numerous cases report that drug dealers often hide drugs under vehicles, in fields, and around houses in places where drugs are sold. See, e.g., Warlick v. Commonwealth, 215 Va. 263, 267, 208 S.E.2d 746, 749 (1974). McGann v. Commonwealth, 15 Va. App. 448, 450-51, 424 S.E.2d 706, 708 (1992).

Proof that the container was relatively dry when the street was wet from rain does not prove that Davis possessed the container. Obviously, the truck would shelter from the rain items underneath the truck. Furthermore, Officer Nowak did not testify that Davis tossed the item. The evidence proved, however, that the container that Officer Nowak found was six inches under the truck and "completely dry except for . . . the portion . . . that was touching the ground." That testimony is consistent with the object having been placed there or left for a

8

long period of time.  Thus, the container recovered by Officer Nowak could have been placed, thrown, or dropped under the truck by some other person long before the officers approached Davis. When, as here, "the evidence leaves it indefinite which of several hypotheses is true, or establishes only some finite probability in favor of one hypothesis, such evidence cannot amount to proof, however great the probability may be."  Massie v. Commonwealth, 140 Va. 557, 565, 125 S.E. 146, 148 (1924).

Furthermore, the evidence creates a mere suspicion that Davis dropped an "identifiable object" and that the same object was recovered by Officer Nowak.  See Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971).  Merely identifying the recovered object as "the 'same color [and] size'" as the object Officer Nowak believed Davis possessed raises only a suspicion or probability of guilt.  Id. at 298, 183 S.E.2d at 736. "Suspicion, however, no matter how strong, is insufficient to sustain a criminal conviction."  Stover v. Commonwealth, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981).  Officer Nowak's belief that he recovered the same object dropped by Davis was mere speculation.  Officer Nowak did not look anywhere other than under the truck for the object.  He did not testify that he looked in any other area to determine whether the object dropped by Davis was something other than the item found under the truck.

Thus, I would hold that the evidence was insufficient to prove beyond a reasonable doubt that Davis possessed the cocaine

9

that was found under the pickup truck.  For these reasons, I dissent and would reverse the conviction.