COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Annunziata and Bumgardner
Argued at Norfolk, Virginia


STEPHEN EUGENE CLARK, S/K/A
 STEPHEN E. CLARK, JR.
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0918-98-1          JUDGE ROSEMARIE ANNUNZIATA
                                         APRIL 27, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                   AND COUNTY OF JAMES CITY
                 Samuel Taylor Powell, III, Judge

        C. Thomas Turbeville (D. R. Dansby, Ltd., on
        brief), for appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General,
        on brief), for appellee.


     Stephen Eugene Clark ("defendant") appeals his conviction by

bench trial of possession of cocaine in violation of Code

§ 18.2-250 on the ground that the evidence was insufficient to

support it.  Finding no error, we affirm.

     The evidence, viewed in the light most favorable to the

Commonwealth, see Jenkins v. Commonwealth, 255 Va. 516, 521, 499

S.E.2d 263, 265 (1998), establishes that the defendant's vehicle

was stopped by Officer Jake Rice of the James City County Police

Department on September 23, 1997 at approximately 11:54 p.m.

_____

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Officer Rice conducted the stop after observing the defendant's vehicle "sitting" in a road with its headlights on and after determining that the defendant, the registered owner of the vehicle, had a suspended operator's license. The defendant was driving the vehicle at the time of the stop.

When asked to produce his operator's license and car registration, the defendant began searching for the items on the back seat and floorboard of the vehicle, which held stacks of papers bearing his name and a variety of bags. When the officer asked the defendant whether he knew his license was suspended, the defendant asserted that his license was not suspended and that it had been reinstated. As Officer Rice requested the defendant's driving record from the dispatch center, he noticed the defendant "digging in towards the back of the car" and floorboard section through the bags and papers in that section of the car. Officer Rice asked the defendant whether there were any drugs in his car. The defendant replied, "no." The officer asked the defendant for permission to search the vehicle. The defendant gave consent to the search and exited the vehicle, remaining behind the car while the search was conducted.

Officer Rice found a twelve-ounce Dr. Pepper can under a console between the driver's and passenger's side of the vehicle and a twelve-ounce Malt Liquor beer can under the passenger seat. Both cans had several "holes punched in the side" and contained an odorless, burnt residue. Neither can was in plain view when

found.  Based on his training and experience, Officer Rice testified that such cans are "known to be used for smoking crack cocaine."  Ultimately, the residue tested positive for cocaine.

Upon discovery of the cans, Officer Rice arrested the defendant for possession of cocaine and driving with a suspended license.  Officer Rice told the defendant of the discovery of the cans and advised him of the charges underlying the arrest.  After the officer advised the defendant of his <u>Miranda</u> rights, the defendant admitted knowledge of the cans' presence in the car, explaining that someone else had put them there.  The defendant also advised Officer Rice that he did not smoke cocaine.

In his testimony, Officer Rice conceded that, because the cocaine residue was odorless, someone who did not use cocaine would not likely be able to tell the cans contained cocaine.  He noted that the cans would have some type of odor if they had been used to smoke marijuana.

On appeal, the defendant contends the evidence is insufficient to support his conviction because the Commonwealth failed to prove that he was aware of the character of the residue on the cans discovered in his car.  We disagree.

"The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence the judgment is plainly wrong or without evidence to support it."  <u>Martin v. Commonwealth</u>, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  When the

sufficiency of evidence is challenged on appeal, the appellate court considers the evidence in the light most favorable to the Commonwealth and grants it all reasonable inferences deducible from that evidence. See Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980), cert. denied, 450 U.S. 1029 (1981). The credibility of the witnesses and the weight accorded their testimony are matters solely within the province of the trial court. See Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). An appellate court does not substitute its own judgment for that of the trial court. See Collins v. Commonwealth, 13 Va. App. 177, 178, 409 S.E.2d 175, 175 (1991).

To support a conviction based upon constructive possession of drugs, "'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Langston v. Commonwealth, 28 Va. App. 276, 285, 504 S.E.2d 380, 384 (1998) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). "Although mere proximity to the drugs is insufficient to establish possession, and occupancy of [a] vehicle does not give rise to a presumption of possession, both are factors which may be considered in determining whether a defendant possessed drugs." Josephs v. Commonwealth, 10 Va. App. 87, 100, 390 S.E.2d 491, 498 (1990) (en banc).

- 4 -

Here, the evidence establishes that Officer Rice stopped the defendant in a car registered in his name. At the time of the stop, the defendant was the sole occupant of his vehicle, which contained a multitude of papers bearing his name. After observing the defendant "digging through" the bags and papers in the rear seat, ostensibly in response to the officer's request for his driver's license and registration, Officer Rice asked the defendant to step out of the car and, upon searching the car, found two cans containing cocaine residue hidden from plain view in separate places within the passenger compartment; one was under the front passenger seat and the other was in the console between the driver and front passenger seats of the vehicle. These cans were noticeably modified for the purpose of using them as a smoking device, and the defendant admitted that he knew of their presence. Based on the defendant's knowledge of the cans' presence, the trier of fact was entitled to infer that he was aware of the character of the cocaine residue. See id. at 101, 390 S.E.2d at 498-99 ("Possession of a controlled drug gives rise to an inference of the defendant's knowledge of its character."). Notwithstanding this evidence, the defendant contends the Commonwealth failed to rebut the reasonable hypothesis of innocence that someone else brought the cans into his car without his knowledge that they contained cocaine residue. The defendant bases this claim on his statements that he did not smoke cocaine

and that "someone else" placed the cans in his car, as well as Officer Rice's testimony that a "plain person" might not realize that the cans contained cocaine residue.

When the Commonwealth proceeds on the basis of circumstantial evidence, it "need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Patrick v. Commonwealth, 27 Va. App. 655, 662, 500 S.E.2d 839, 843 (1998). The reasonableness of the hypothesis is a question of fact. See Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988). Absent credible evidence supporting such a hypothesis, "'[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the drugs and paraphernalia in the [vehicle].'" Langston, 28 Va. App. at 286, 504 S.E.2d at 384 (citation omitted).

Here, no credible evidence supports the defendant's hypothesis that someone else placed the cans inside his car. The trial court was not required to accept in toto the defendant's statements and was entitled to rely on them in whole or in part or to reject them completely. See Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). Thus, when viewed in the light most favorable to the Commonwealth, the defendant's statement that "someone else" placed the cans in his car must be viewed as an attempt to conceal his guilt. See id. (finding that

a defendant's exculpatory statement, when viewed in the light most favorable to the Commonwealth, "must be interpreted . . . as mere fabrications to conceal guilt . . .").  Finally, given the defendant's representation to police that he had a valid operator's license when his driving record showed that his license had been suspended, the trial court was entitled to infer that the defendant was lying at the time of the stop to conceal his guilt with respect to the instant offense.  See Pearson v. Commonwealth, 221 Va. 936, 946, 275 S.E.2d 893, 900 (1981); Burgess v. Commonwealth, 14 Va. App. 1018, 1025, 421 S.E.2d 664, 668 (1992) ("[W]here a defendant gives a false account of circumstances surrounding a crime, the trial court is entitled to infer that the defendant lied to conceal his guilt.").

In sum, based on the defendant's knowledge of the cans' presence in his car, the defendant's suspicious movements inside his car while police attempted to obtain his driving record, the discovery of the cans inside the car and hidden from plain view, the defendant's sole ownership and occupancy of the vehicle and its contents, the defendant's close proximity to the cans, and the inferences the trial court was entitled to draw from the defendant's statements that "someone else" placed the cans in his car and that he didn't smoke cocaine, we find that the evidence was sufficient to prove beyond a reasonable doubt that the defendant was aware of the character of the residue found on the

- 7 -

cans.  See Iglesias v. Commonwealth, 7 Va. App. 93, 110, 372 S.E.2d 170, 179-80 (1988) (finding sufficient evidence of possession based on the defendant's sole occupancy of a rental car, admission that everything in the car belonged to him, contradictory statements concerning a package in the car that contained drugs, and ultimate admission that the package was given to him to deliver to an unknown person notwithstanding his further statement that he did not know what the package contained).

Accordingly, the conviction is affirmed.

Affirmed.