COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Felton
Argued at Salem, Virginia


TONY DEWAYNE PATTERSON
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0355-02-3        JUDGE RUDOLPH BUMGARDNER, III
                                          NOVEMBER 5, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Mosby G. Perrow, III, Judge

            David E. Wright, Assistant Public Defender,
            for appellant.

            Jennifer R. Franklin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     The trial court convicted Tony Dewayne Patterson of

possession of cocaine with intent to distribute.  He contends

the evidence failed to prove he possessed the cocaine.  Finding

the evidence sufficient, we affirm.

     We view the evidence and all reasonable inferences

therefrom in the light most favorable to the Commonwealth.

Commonwealth v. Taylor, 256 Va. 514, 516, 506 S.E.2d 312, 313

(1998).  An undercover police officer was working an unrelated

assignment at a convenience store.  The defendant approached him

and offered to sell $20 worth of cocaine.  The officer needed

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

backup assistance so he told the defendant he had to go back inside the store.  The defendant said to hurry up because he was leaving, but he sat on the sidewalk and waited for the officer to return.

After other officers arrived, the undercover officer arrested the defendant.  An officer found four individually wrapped rocks of cocaine.  They were between an air hose and the wall of the building approximately eighteen inches from where the defendant sat.  The undercover officer saw no other person in the immediate area where the defendant was seated.  Testimony showed that drug dealers often "stash" their supplies of drugs away from their persons.  That technique prevents a purchaser from snatching the supply during a transaction and prevents police from finding a large quantity of drugs if they arrested the dealer during a sale.

The defendant agreed with the officer's testimony except he denied saying "crack" or to hurry up because he was leaving. The defendant denied possessing the drugs or knowing they were behind the air hose.  He testified he offered to sell the officer drugs as a ruse to steal money from him.  The defendant did not have any drugs on his person.

The defendant offered to sell cocaine and then waited, although he claimed to be in a hurry.  The individually wrapped rocks of cocaine were eighteen inches from where he waited.  No one came near the defendant.  The trial court could conclude the

defendant was waiting to conclude the sale he negotiated.  The cocaine near him was his "stash" from which he planned to fulfill his part of the agreement.

The trial court disbelieved the defendant's testimony that the offer to sell cocaine was a ruse to steal money.  "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citation omitted).  The trial court could also infer reasonably that the cocaine had sufficient value not to be abandoned or left carelessly in the area where found.  See Collins v. Commonwealth, 13 Va. App. 177, 180, 409 S.E.2d 175, 176 (1991).

The evidence permitted the finding that the defendant possessed cocaine.  Accordingly, we affirm.

Affirmed.