COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Elder and Bumgardner
Argued at Richmond, Virginia


GEORGE RENDELL WALKER

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1665-03-2                JUDGE RUDOLPH BUMGARDNER, III
                                                         OCTOBER 5, 2004
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                            John W. Scott, Jr., Judge

            Benjamin H. Woodbridge, Jr. (Woodbridge, Ventura & Kelly, on
            brief), for appellant.

            Michael T. Judge, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        The trial court convicted George Rendell Walker of trespassing and of possession of both

cocaine and marijuana with intent to distribute. He argues the evidence was insufficient to prove

the two charges of possession with intent to distribute. Concluding the evidence was sufficient,

we affirm.

        We view the evidence and all reasonable inferences fairly deducible therefrom in the

light most favorable to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578

S.E.2d 781, 786, cert. denied, 124 S. Ct. 444 (2003). Around midnight August 29, 2002, Officer

Lloyd Holland was observing a group congregated at an apartment complex in a high drug

trafficking area. The defendant had distributed drugs on June 26, 2002, and had been barred

from the complex. After about ten minutes, the defendant stepped away from the group and

walked about thirty-five feet down an alley. He looked around, bent over, and reached toward a

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

slat in the fence. When the officer stepped out of hiding, the defendant looked at him, then reached quickly toward the grass, looked around for a second, and began walking back toward the group.

Officer Holland stopped the defendant and arrested him for trespassing. As soon as two additional officers arrived to detain the defendant, Officer Holland walked to the exact spot where he saw the defendant reach toward the fence. He found a paper bag wedged in the fence slats that contained thirty-two individually wrapped rocks of cocaine and ten baggies of marijuana. Officer Holland found nothing else in the area. The officer testified he did not recall seeing the defendant urinating, but the defendant did not unfasten his pants or stand as though he was doing so.

The defendant initially told the officer the drugs did not belong to him. He explained that he was in the alley looking for something he thought he had dropped in the grass and bent over to wipe his hands on the grass. At trial the defendant testified that he went into the alley to urinate, did so, and then bent over to wipe off his hand in the grass.

The trial court accepted the officer's testimony and rejected the defendant's testimony. "There is no indication . . . [that the defendant made] any effort to urinate or do those things in preparation or in terms of unbuckling a belt or zipping down a pair of pants, et cetera." The defendant "reached for specifically in the area of the bag containing narcotic substances . . . [and] when he saw Officer Holland he immediately raised up." The judge concluded that the defendant "exercised dominion and control over the objects" and possessed them with the intent to distribute them.

The Commonwealth must prove the defendant was aware of the presence and character of the drugs and consciously possessed them. "[P]roof of actual possession is not required; proof of constructive possession will suffice." Walton v. Commonwealth, 255 Va. 422, 426, 497

S.E.2d 869, 871 (1998). Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

The defendant walked down an alley and reached toward a slat in the fence. As soon as the officer revealed himself, the defendant reacted and started back toward the group. The officer found a large quantity of individually packaged drugs wedged in the fence at the exact spot where he observed the defendant reaching. No one else went near the spot where the officer recovered the drugs. The trial court could infer reasonably that the drugs had sufficient value not to be abandoned or left carelessly in the area where found. See Collins v. Commonwealth, 13 Va. App. 177, 180, 409 S.E.2d 175, 176 (1991).

The defendant gave conflicting explanations for his actions in the alley. Initially he told the officer that he went there to look for something he dropped in the grass and bent over to wipe his hands in the grass. At trial, he testified that he went to urinate and wiped his hand in the grass. He denied being at the spot where the officer found the drugs. False testimony is probative of an effort to conceal guilt and is itself evidence of guilt. Emmett v. Commonwealth, 264 Va. 364, 372, 569 S.E.2d 39, 45 (2002).

The defendant's connection to the drugs was significantly greater than mere proximity. See Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (mere proximity insufficient to prove constructive possession). The details recounted by the officer permitted the trial court to draw the reasonable inference that the defendant possessed the drugs found in the precise spot where the officer saw him reaching and from which he quickly exited when he saw

the officer.  The defendant's conduct permitted the trial judge to conclude that he was aware of the drugs and exercised dominion and control over them.

When the trial court rejected the defendant's trial testimony, it found that the facts upon which the defendant's theory of innocence rested were not credible.  His theory of innocence was not a reasonable hypothesis because it did not flow from credible evidence.  "'[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant.'"  Marable v. Commonwealth, 27 Va. App. 505, 510, 500 S.E.2d 233, 235 (1998) (quoting Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993)).  The Commonwealth's theory of guilt was the only hypothesis flowing from evidence found to be credible.  Accordingly, we affirm.

Affirmed.