COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


ANTHONY DION DEBROUX

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2276-05-1             JUDGE JERE M. H. WILLIS, JR.
                                               FEBRUARY 6, 2007
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                         Louis R. Lerner, Judge

           L. Steven Emmert (Sykes, Bourdon, Ahern & Levy, P.C., on briefs),
           for appellant.

           Leah A. Darron, Senior Assistant Attorney General (Robert F.
           McDonnell, Attorney General, on brief), for appellee.


       On appeal from his convictions for possession of cocaine and possession of marijuana,

Anthony Dion Debroux contends the evidence was insufficient to prove that he possessed either

substance.  We affirm the judgment of the trial court.

                                        Background

       Based on information from a reliable, confidential informant, Detective Christine

Saunders informed the Special Investigations Unit that a "heavy-set black male wearing a

Carolina blue shirt, baseball hat and blue jeans walking [and] carrying a white bag had suspected

crack cocaine in his possession" and was in the area of 205 Ivy Road in Hampton.  The

informant told Detective Saunders that, as they spoke, he saw cocaine in the suspect's hand.

       Corporal Scott Anderson responded to the area and observed Debroux, who matched the

description and was holding a bag.  When Debroux saw the police vehicle, he dropped the bag

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and ran between two buildings toward a privacy fence that ran along the back of the complex. As Anderson gave chase, he saw Debroux jump up toward the fence and make a "lunging" or "pushing" motion with his right hand: "[I]t could be a throwing or more of a pushing motion." Debroux's forearm hit the top of the fence as he pushed his hand forward over the fence. Anderson did not see whether any object left Debroux's hand. Immediately after making this motion, Debroux stopped and made no attempt to jump the fence or to continue running. While other officers detained Debroux, Anderson scaled the fence to investigate the area where Debroux had made the hand motion. In that area, Anderson found a baggie of marijuana on the ground about two feet from the fence and a baggie of crack cocaine near the edge of a "pool" of standing water about four feet from the fence. The two items were in line with the direction of Debroux's hand motion. Neither baggie had dirt or debris on it.

At trial, Debroux denied possessing marijuana or cocaine. He said he ran from the police because he knew he had outstanding warrants for his arrest. He admitted that he had "jumped up and grabbed the fence" and acknowledged that he was a convicted felon.

Analysis

On appeal, "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Convictions will not be reversed unless "plainly wrong or without evidence to support [them]." See Collins v. Commonwealth, 13 Va. App. 177, 179, 409 S.E.2d 175, 176 (1991). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

This case is factually similar to Collins. The police approached Collins as he sat sidesaddle in the front seat of his car in a dimly lit parking lot. Collins, 13 Va. App. at 178, 409 S.E.2d at 175. Upon seeing the police, Collins "made a throwing motion under the vehicle with his right arm." Id. Immediately thereafter, the police shined a flashlight under the car and found a baggie of cocaine. Id. Nothing else was under the vehicle. Id. Although the record contained no evidence that the officers saw any object leave Collins's hand, we held that the evidence was sufficient to support the trial court's finding that Collins threw the cocaine under the car. Id. at 179-80, 409 S.E.2d at 176. We found Collins's argument that the cocaine could already have been under the car unpersuasive and noted that the drugs had significant value and were unlikely to have been abandoned or carelessly left in that area. Id. at 180, 409 S.E.2d at 176.

This case is also factually similar to Powell v. Commonwealth, 27 Va. App. 173, 178-79, 497 S.E.2d 899, 901 (1998). A police officer saw Powell place his clenched fist behind his back and then return his unclenched hand to his front. We held that Powell's hand movement and the fact that cocaine was found precisely where he would have dropped an object from his hand supported the inference that he possessed the cocaine and discarded it when the officer approached him. Id.

Here, as in Collins and Powell, the evidence was sufficient to prove that Debroux possessed the marijuana and cocaine. Debroux fled toward the fence when he saw the police. He made a pushing or throwing motion over the fence. Immediately thereafter, the police found marijuana and cocaine on the other side of the fence in the line of Debroux's arm motion. The drug packages were unsoiled and appeared to have been recently deposited. The character and value of the drugs refuted any notion of abandonment. Upon these facts, the trial court, sitting as the trier of fact, could reasonably infer that Debroux possessed the drugs and threw them over the fence to avoid detection. Accordingly, we cannot say the trial court's conclusion that

- 3 -

Debroux possessed the marijuana and cocaine was plainly wrong or without evidence to support it.

We affirm the judgment of the trial court.

<u>Affirmed.</u>