COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Humphreys and Senior Judge Willis
Argued at Chesapeake, Virginia


BERNARD EDWARD CASTILLOUX, JR.

                                        MEMORANDUM OPINION[*] BY

v.       Record No. 2392-06-1          JUDGE JERE M. H. WILLIS, JR.
                                           OCTOBER 2, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Thomas S. Shadrick, Judge

John D. Hooker, Jr. (John D. Hooker, Jr. & Associates, P.C., on
brief), for appellant.

Karen Misbach, Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on brief), for appellee.


On appeal from his conviction for possession of cocaine, in violation of Code

§ 18.2-250(A), Bernard Edward Castilloux, Jr. contends the evidence was insufficient to prove that

he intentionally possessed the cocaine. We affirm the judgment of the trial court.

Background

In a search incident to arrest, Officer Anthony Palmer found crack cocaine in Castilloux's

left front pants pocket. In a statement to Officer J.C. Hundley, Castilloux said that the crack

cocaine was not his, that the pants he was wearing belonged to his brother, and that his brother

had "planted" the cocaine in his pocket so he would be arrested. Castilloux's brother testified

that after arguing with Castilloux, he had put the cocaine in Castilloux's pants pocket and "called

the cops."

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

During closing argument, defense counsel reviewed the evidence but made no argument as to its sufficiency. The Commonwealth's attorney then stated that he did not think the Commonwealth had proved that Castilloux knowingly or intentionally possessed the cocaine found in his pocket. The trial judge rejected the Commonwealth's attorney's assessment of the evidence and said, "I hate to put you on the spot, but I don't believe a word that defense witness said. But when the prosecution gets up and says I have to concede we haven't proven intent, it's hard for me to convict somebody." The Commonwealth's attorney then replied that the trial judge could "certainly consider the credibility of all witnesses." The trial judge stated,

> [I]f the evidence from the brother was credible, then that would be a defense. But I deem myself to be a pretty good judge of when someone's telling the truth or not, and I've been doing this job for a long time; and I don't believe a word that man said. And he's lying through his teeth, and for what reason, I don't know. But – and he's sitting there looking at me right now just like he knows that what I'm saying is the truth.

Reiterating that he did not believe anything Castilloux's brother said and that Castilloux's brother's statement "does not create any reasonable doubt in my mind," the trial judge found Castilloux guilty of cocaine possession. During this exchange between the trial judge and the Commonwealth's attorney, defense counsel said nothing.

At the sentencing hearing more than two months later, defense counsel moved for reconsideration of the evidence "where the Commonwealth agreed with me that the Commonwealth had not proven their case." The trial judge recalled the case and said,

> I had an opportunity to observe the – the brother's testimony, and it was obvious to me that he was lying . . . . I just simply found his testimony to be unbelievable . . . . I'm the trier of fact, and I have to do what I deem to be appropriate under the circumstances based upon the evidence.

The trial judge refused to revise his finding and found Castilloux guilty of possession of cocaine.

<u>Analysis</u>

When the sufficiency of the evidence is challenged on appeal, "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." <u>Martin v. Commonwealth</u>, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The convictions will not be reversed unless "plainly wrong or without evidence to support [them]." <u>Collins v. Commonwealth</u>, 13 Va. App. 177, 179, 409 S.E.2d 175, 176 (1975). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." <u>Sandoval v. Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

Castilloux had immediate and exclusive control of the cocaine he physically possessed in his pants pocket. Thus, he was in legal possession of that cocaine. <u>See</u> <u>Gillis v. Commonwealth</u>, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974) (physical possession giving defendant immediate and exclusive control is sufficient to establish possession of a controlled substance). The trial judge, sitting as fact finder, reasonably inferred that Castilloux knew the cocaine was in his pants pocket.

In his statement to Officer Hundley, Castilloux did not deny knowledge of the cocaine's presence in his pocket. He merely claimed the cocaine was not his and that his brother had put it there so he would be arrested. The trial judge disbelieved this self-serving statement. The trial judge saw and heard Castilloux's brother testify and emphatically stated that he did not believe Castilloux's brother's testimony.

The trial judge rejected the Commonwealth's attorney's assessment of the evidence. This fell within the trial judge's function as fact finder. The Commonwealth's attorney's opinion of the sufficiency of the evidence was not binding on the trial court. <u>See</u> <u>Glasco v. Commonwealth</u>,

257 Va. 433, 447 n.7, 513 S.E.2d 137, 145 n.7 (1999) (Lacy, J. concurring) (concessions in respect to legal conclusions are not binding on the parties or the court).

Thus, the credible evidence supports the trial court's finding that Castilloux knowingly possessed the cocaine he physically possessed in his pants pocket.

Castilloux argues that the trial judge improperly participated in the prosecution of the case and that the trial judge should have accepted the Commonwealth's attorney's concession and dismissed the case. He did not raise these claims at trial. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. A trial court must be alerted to the precise issue to which a party objects. See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

We affirm the judgment of the trial court.

Affirmed.