COLEMAN, Judge.
Tremayne Orteze Powell appeals his bench trial conviction for possession of marijuana and possession of cocaine. He contends: (1) the trial court erred by denying his motion to suppress marijuana discovered in a search incident to an unlawful arrest, and (2) the evidence is insufficient to prove he possessed cocaine. We disagree and affirm the convictions.

I. BACKGROUND

City of Lynchburg Police Officers Kevin Hollyfield, J.P. Stokes, and another officer were patrolling in an unmarked *176 vehicle in a high crime area also known to be an open-air drug market. Hollyfield observed appellant and two other men sitting on a low wall, approximately eighteen inches high, facing the street with their backs to a parking lot. The two men were sitting approximately three feet from the appellant. Hollyfield saw appellant place his left hand, which was clenched in a fist, behind his back, keeping his hand close to his body as he placed it behind him. When appellant brought his hand back in front, Hollyfield saw that it was unclenched. Neither of the other two men made any motions with their hands. Hollyfield alerted the other officers, and they pulled their vehicle up to the curb where appellant was sitting.
Appellant stood up and began to walk away as Hollyfield exited the car. Stokes walked over to the wall and found a small brown paper bag containing crack cocaine lying on the ground directly below the spot where appellant had been sitting. Stokes testified that the bag of drugs was lying six to twelve inches “underneath” where appellant’s “left thigh” had been when he was sitting on the wall. Stokes also testified that there was no debris within the immediate area where he found the drugs. Stokes did not field test the substance, but, based upon his training and experience in investigating nearly two hundred cocaine cases, he testified that it had the appearance of cocaine. Stokes alerted Hollyfield that he had found cocaine behind the wall where appellant had been sitting, and Hollyfield arrested appellant. Upon searching appellant incident to the arrest, Hollyfield discovered a marijuana cigarette in appellant’s right front shirt pocket.

II. SEARCH INCIDENT TO ARREST

Appellant contends the marijuana was seized pursuant to an unlawful arrest because the officers lacked probable cause to arrest him for possessing the cocaine. His contention is without merit.
“[T]he test of constitutional validity [of a warrantless arrest and incidental search] is whether, at the moment of arrest, the arresting officer had knowledge of sufficient facts *177 and circumstances to warrant a reasonable man in believing that an offense has been committed.” Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970) (citing Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). To establish probable cause, the Commonwealth must show “ ‘a probability or substantial chance of criminal activity, not an actual showing’” that a crime was committed. Ford v. City of Newport News, 23 Va.App. 137, 143-14, 474 S.E.2d 848, 851 (1996) (quoting Illinois v. Gates, 462 U.S. 213, 243 n. 13, 103 S.Ct. 2317, 2335 n. 13, 76 L.Ed.2d 527 (1983)). “In determining whether probable cause exists courts will test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control.” Hollis v. Commonwealth, 216 Va. 874, 876-77, 223 S.E.2d 887, 889 (1976) (citation omitted). The issue of whether probable cause existed to make a warrantless search involves questions of both law and fact and is reviewed de novo on appeal. See McGee v. Commonwealth, 25 Va.App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 691, 116 S.Ct. 1657, 1659, 134 L.Ed.2d 911 (1996)).
In this case, Hollyfield observed appellant, who was sitting in an area known to be an open-air drug market, make a furtive hand gesture, as if discarding something from a clenched fist, then stand up and walk away as the officers approached. Stokes found a bag on the ground immediately behind where appellant had been sitting and recognized the contents as having the appearance of crack cocaine. He alerted Hollyfield that he had found cocaine. Under the circumstances, it was reasonable for Stokes, drawing upon his training and experience, to conclude that the substance was probably cocaine and for Hollyfield, based on Stokes’ communication that he found cocaine and his own observation of appellant’s conduct, to determine that appellant probably possessed the cocaine before dropping it behind the wall when the officers approached. Accordingly, we find that Hollyfield had probable cause to arrest appellant for possession of cocaine *178 and that the marijuana was legally seized in a search pursuant to a lawful arrest.

III. SUFFICIENCY OF THE EVIDENCE

When the sufficiency of the evidence is challenged on appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Martin v. Commonwealth, 4 Va.App. 438, 443, 358 S.E.2d 415, 418 (1987).
The present case is factually similar to Collins v. Commonwealth, 13 Va.App. 177, 409 S.E.2d 175 (1991). In Collins, police officers approached the defendant as he sat sidesaddle in the front seat of his car in a dimly lit parking lot. Id. at 178, 409 S.E.2d at 175. Upon seeing the officers, Coffins got up from his car and “made a throwing motion under the vehicle with his right arm.” Id. Immediately thereafter, an officer illuminated the area under the car with a flashlight and discovered a plastic baggie of cocaine. Id. No other items were found beneath the vehicle. Id. Despite the fact that the record contained no evidence that the officers saw any contraband or other object leave Collins’ hand, we held that the evidence was sufficient to support the trial court’s finding that Coffins threw the drugs under the car. Id. at 179-80, 409 S.E.2d at 176. We found Coffins’ argument unpersuasive “that the cocaine might have already been under his car,” noting that the drugs were “something of significant value and not something that one is likely to have abandoned or carelessly left in the area there.” Id. at 180, 409 S.E.2d at 176. Accordingly, we found the evidence sufficient to prove that Coffins constructively possessed the cocaine found under his vehicle. Id.
Here, as in Collins, the circumstantial evidence is sufficient to prove that appellant possessed the cocaine. Hollyfield testified that appellant placed his clenched left hand behind his back and that the hand was unclenched when he returned it back in front of him. Appellant’s suspicious hand movement and the fact that cocaine was found precisely where the *179 appellant would have dropped an object from his left hand behind his back, support the inference that appellant possessed the bag of cocaine and discarded it on the ground behind him when the officers approached.
The facts in Gordon v. Commonwealth, 212 Va. 298, 188 S.E.2d 735 (1971), are distinguishable from the facts in this case. There, a police officer approached Gordon on a busy, public street while the latter carried a small, manila envelope. Id. at 299, 183 S.E.2d at 736. Gordon left the street and ran down several narrow passageways abutting the street. Id. As the officer chased Gordon through the passageways, the officer momentarily lost sight of Gordon on a couple of occasions. Id. When the officer eventually captured him, Gordon was no longer carrying the envelope. Id. Another officer arrived on the scene and found a small, manila envelope lying near one of the passageways on a grass plot separated from the public street by a perforated wall. Id. at 300, 183 S.E.2d at 736. At trial, the officer “conceded that he did not see Gordon dispose of the envelope.” Id. at 299, 183 S.E.2d at 736 (emphasis added). No evidence established that Gordon made any sort of throwing or dropping motion during his flight. See id. The Supreme Court reversed the conviction, holding that there was a “fatal gap in the circumstantial evidence adduced against Gordon.” Id. at 301, 183 S.E.2d at 737. Because “[n]o witness was produced who saw Gordon dispose of the manila envelope which he carried,” id. at 300-01, 183 S.E.2d at 737, the evidence failed to exhibit an “unbroken chain of circumstances” proving “to the exclusion of any other rational hypothesis” that Gordon possessed the drugs in the envelope that was found. Id. at 300, 183 S.E.2d at 737 (citation omitted). Although highly suspicious because the officers found an envelope that was similar in size, color, and shape to the one that Gordon had earlier possessed, the evidence did not prove that Gordon had discarded the envelope or where he may have done so. The Court found that the officer could have reasonably recovered another manila envelope left by one of the several persons gathered along the public street. Id. at 301,183 S.E.2d at 737. Accordingly, the Court concluded that *180 “there was a break in the chain of evidence” which rendered the evidence insufficient to prove beyond a reasonable doubt that Gordon possessed the drugs and paraphernalia. Id. at 300-01,183 S.E.2d at 737.
In the present case, unlike as in Gordon, there is no “break in the chain of [the] evidence.” Hollyfield observed appellant place his clenched hand behind his back and bring his open hand back to his front. Upon learning of Hollyfield’s observation, Stokes immediately walked to the wall and found the bag of drugs directly below where appellant had been sitting. Thus, there was no “fatal gap” in the officers’ observing appellant’s hand gesture as if discarding an object from a clenched fist and the officer finding the bag of drugs directly behind where appellant was sitting. Accordingly, we cannot say the trial court’s conclusion that appellant possessed the cocaine was plainly wrong or without evidence to support it.
For these reasons, we affirm the convictions.

Affirmed.