COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


MARQUE T. KNIGHTNOR
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1799-97-1      JUDGE JOSEPH E. BAKER
                                         JUNE 16, 1998
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    Wilford Taylor, Jr., Judge

            Robert B. Wilson, V (McDermott & Roe, on
            brief), for appellant.

            Daniel J. Munroe, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Marque T. Knightnor (appellant) was convicted in a bench

trial in the Hampton Circuit Court (trial court) for possessing a

firearm after having been convicted of a felony.  On appeal, he

contends the evidence is insufficient to prove he possessed the

firearm.  We disagree and affirm the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

S.E.2d 415, 418 (1987).  The judgment of a trial court will be disturbed only if plainly wrong or without evidence to support it.  See id.  The credibility of a witness' testimony and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).  However, "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Whether a hypothesis of innocence is reasonable is a question of fact.  See Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988).

Here, the only reasonable hypothesis flowing from the evidence is that appellant had actual possession of the gun when he was handcuffed and that he attempted to hide it in the couch to avoid being found with it on his person.  The evidence, viewed in the light most favorable to the Commonwealth, showed that the gun was not in the couch before appellant sat down on it; Officer Davis testified that there was "no question in [his] mind" that he would have "seen or felt" the gun if it had been in

the couch when he searched it. Thereafter, Detective Oakley saw appellant moving his hands from behind his back to the right side of his body and reaching between the sofa cushion on which he was sitting and the arm of the sofa. When she checked the handcuffs, appellant's hands were positioned with his palms together. Detective Oakley then moved appellant and found a loaded .32 caliber revolver between the cushion and the arm of the couch, precisely where she had just seen appellant's hands. Detective Oakley testified that it would have been physically impossible for appellant's petite girlfriend, who had been seated on the couch beside him, to have put the gun in the place it was found, and appellant himself testified that she did not put it there.

Although appellant testified in his own behalf, denying that he put the gun in the couch and claiming that he was moving around because the handcuffs hurt, the trial court was entitled to conclude that the handcuffs were not too tight and that appellant was lying to conceal his guilt. See, e.g., Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982). The only reasonable hypothesis flowing from the remaining evidence is that appellant had actual possession of the gun before it was found in the couch. See Glover v. Commonwealth, 3 Va. App. 152, 160-61, 348 S.E.2d 434, 440, aff'd, 236 Va. 1, 372 S.E.2d 134 (1988); see also Powell v. Commonwealth, 27 Va. App. 173, 497 S.E.2d 899 (1998).

For these reasons, we affirm appellant's conviction.

<u>Affirmed.</u>