COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Frank and Agee
Argued by teleconference


TANYIN BERLIN HOLLEY

                                    MEMORANDUM OPINION* BY
v.    Record No. 0304-01-1          JUDGE G. STEVEN AGEE
                                         DECEMBER 27, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      John C. Morrison, Jr., Judge

              David H. Moyer for appellant.

              Steven A. Witmer, Assistant Attorney General
              (Randolph A. Beales, Attorney General, on
              brief), for appellee.


     Tanyin Berlin Holley ("the appellant" or "Holley") was

convicted in the Norfolk Circuit Court, sitting without a jury,

of possession of cocaine with intent to distribute, in violation

of Code § 18.2-248.  He was sentenced to serve a term of four

years imprisonment and to pay a fine of $250.  Holley appeals

his conviction averring that the trial court erred in (1)

denying his motion to suppress the Commonwealth's evidence

alleged to have been gathered in an illegal search in violation

of the Fourth Amendment to the United States Constitution; and

(2) finding the evidence sufficient to prove possession.  For

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

the following reasons, we affirm the actions of the trial court and Holley's conviction.

## I. BACKGROUND

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

On January 7, 2000, Officer Delp of the Norfolk Police Department responded to a report of domestic violence at 1216 Hillside Avenue. After arriving at the scene and investigating the situation, Officer Delp arrested the appellant on a domestic violence charge, which is not the subject of this appeal. Incident to the arrest, the appellant was searched and $1,029 cash was discovered in his jacket pocket. The search also uncovered two identical keys to the appellant's vehicle.

After reading the appellant the Miranda warnings, the officer started a conversation with the appellant asking where he worked. The appellant responded that "he didn't work anywhere; he hadn't worked for awhile." The officer then asked whether the appellant had ever been previously arrested. The appellant informed the officer that he had previously been arrested on a charge of possession of cocaine with intent to distribute. When questioned about the large sum of money in his possession, the appellant replied that some of the money was his

- 2 -

mother's and he "just had the other money."  The appellant had no explanation as to the source of the money.

After placing the appellant in his police car, Officer Delp asked the appellant's girlfriend, the complainant of the domestic violence charge, whether the appellant was dealing drugs.  She responded that the appellant had informed her, only two weeks prior, that "he was dealing narcotics again."  She further informed the officer that "if he had any narcotics, it would be in his car."  At trial, the girlfriend denied making these statements, but Officer Delp, testifying as a rebuttal witness, affirmed that she did make the statements.

After locating the vehicle outside the apartment, Officer Delp asked the appellant if he owned it, and the appellant admitted it was his.  The officer then asked whether anyone other than the appellant drove the vehicle.  The appellant replied, "Hell no.  No one drives my car but me."  His girlfriend had previously informed the officer that "she was not allowed to go in [the] car."  At trial, Officer Delp testified that the girlfriend also said Holley "wouldn't allow anyone else to drive the vehicle."

Officer Delp then asked for permission to search the vehicle for drugs and weapons.  The appellant responded, "Hell, no, you're not searching my vehicle."

The officer then alerted the narcotics unit, and Officer Joseph and his canine, "Ace," arrived on the scene. After performing a "circle spin" ritual and circling the appellant's vehicle, Ace alerted to the scent of narcotics at the driver's door. Officer Joseph then opened the door for Ace who moved to the passenger area and began scratching at a black knapsack, in which the officers found crack cocaine. An envelope addressed to the appellant was also found in the knapsack with the cocaine. No other items were recovered from the vehicle.

## II. THE WARRANTLESS SEARCH

The appellant's first contention on appeal is that the trial court erred in failing to grant his motion to suppress evidence gathered in a warrantless search of his vehicle. He argues the police lacked probable cause to search his vehicle.[1] For the following reasons, we affirm the decision of the trial court.

---

[1] In his brief, the appellant presented us with the additional question of whether the trial court erred in denying his motion to suppress when the Commonwealth failed to establish that exigent circumstances prevented the police officers from obtaining a search warrant prior to searching the vehicle. However, during oral argument, he conceded, pursuant to Maryland v. Dyson, 527 U.S. 465 (1999), that exigent circumstances are not required for the search of an automobile where probable cause to search exists. We agree and find this assignment of error to be without merit.

## A.  STANDARD OF REVIEW

"In reviewing a trial court's denial of a motion to suppress, 'the burden is upon the [appellant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'"  McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980)).  "Ultimate questions of reasonable suspicion and probable cause to make a warrantless search" involve issues of both law and fact, reviewable de novo on appeal.  Ornelas v. United States, 517 U.S. 690, 699 (1996).

"In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (citation omitted).  We have also recognized that great deference should be afforded to the "peculiar fact finding capability of the trial court" since it is "not limited to the stark, written record," but "has before it the living witnesses and can observe their demeanors and inflections."  Satchell v. Commonwealth, 20 Va. App. 641, 648, 460 S.E.2d 253, 256 (1995).

B.  PROBABLE CAUSE FOR THE WARRANTLESS SEARCH

"Searches conducted without prior judicial approval are per se unreasonable under the Fourth Amendment, subject to exceptions allowed when exigencies require warrantless searches."  McCary v. Commonwealth, 228 Va. 219, 227, 321 S.E.2d 637, 641 (1984) (citations omitted).  A recognized exception to this general rule covers searches of most automobiles.  "The police may search an automobile [without a warrant] . . . where they have probable cause to believe contraband or evidence is contained."  California v. Acevedo, 500 U.S. 565, 579-80 (1991).  Therefore, the warrantless search of the appellant's vehicle was permissible if probable cause existed.  We find that the police officers acted upon probable cause.

When we review whether probable cause existed at the time of a warrantless search, we look to "'what the totality of circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control.'"  Powell v. Commonwealth, 27 Va. App. 173, 176-77, 497 S.E.2d 899, 900 (1998) (quoting Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976)).  "[T]he probable-cause determination must be based on objective facts that could justify the issuance of a warrant by a magistrate."  United States v. Ross, 456 U.S. 798, 808 (1982).

"'Probable cause exists where "the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.'" Jefferson v. Commonwealth, 27 Va. App. 1, 12, 497 S.E.2d 474, 479 (1998) (citations omitted). The arresting officer is permitted to act based on probabilities, and is not required to rely upon "hard certainties." Carson v. Commonwealth, 12 Va. App. 497, 502, 404 S.E.2d 919, 922, aff'd on reh'g en banc, 13 Va. App. 280, 410 S.E.2d 412 (1991), aff'd, 244 Va. 293, 421 S.E.2d 415 (1992).

Here, Officer Delp found a large amount of cash on the appellant who informed the officer that he was unemployed and could not explain the origin of the money. The appellant admitted that he had been arrested for drug dealing in the past. The appellant's girlfriend then informed the officer that the appellant had recently admitted he had resumed drug dealing and there might be drugs in his vehicle. These factors, along with the subsequent positive alert by the trained police narcotics canine, satisfies the probable cause requirement. See Brown v. Commonwealth, 15 Va. App. 1, 421 S.E.2d 877 (1992) (an informant's tip of illegal drug activity and a trained canine's alert to the presence of narcotics found to be sufficient to establish probable cause); see also Alvarez v. Commonwealth, 24

Va. App. 768, 485 S.E.2d 646 (1997).  Based on the totality of the circumstances, the amalgamation of reasonably trustworthy factors met or exceeded the baseline to sustain a finding of probable cause to search the appellant's vehicle.

### III.  SUFFIENCY OF THE EVIDENCE

The appellant also argues the trial court erred in finding the evidence sufficient to prove he in fact possessed the drugs found in his vehicle.  For the following reasons, we affirm the decision of the trial court.

### A.  STANDARD OF REVIEW

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On review, this Court does not substitute its own judgment for that of the trier of fact.  See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).  Witness credibility, the weight accorded the testimony and the inferences to be drawn from proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence.  See

Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

### B. THE EVIDENCE IS SUFFICIENT

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." Walton v. Commonwealth*, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998).

> [P]roof of actual possession, [however,] is not required; proof of constructive possession will suffice. Constructive possession may be established when there are acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.

Id. at 426, 497 S.E.2d at 872. "Mere proximity to the controlled substance, however, is insufficient to establish possession. Nevertheless, the possession need not be exclusive." Eckhart v. Commonwealth*, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981).

"Proof of constructive possession necessarily rests on circumstantial evidence; thus, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."

Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (citations omitted). "However, the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). We conclude the evidence sufficiently proves beyond a reasonable doubt that the defendant possessed the contraband.

The evidence in this case established that the appellant possessed the drugs found in the search of the vehicle. The cocaine was found inside a knapsack along with an envelope addressed to the appellant, who was the sole owner of the vehicle, and had in his possession, at the time of the search, two keys to the vehicle. No indicia of ownership or use of the knapsack by anyone other than the appellant was found in the vehicle or elsewhere.

The appellant verified his dominion and control over his vehicle when he stated, "No one drives the car but me." This

statement was collaborated by his girlfriend's statement that

"he wouldn't allow anyone else to drive the vehicle."[2]

The appellant contends our holding in Burchette, 15 Va.

App. 432, 425 S.E.2d 81, negates a finding of sufficient

evidence in this case.  We disagree and find Burchette

significantly distinguishable.

In Burchette, the defendant's personal identification was

scattered about the vehicle and was not enclosed in a separate

container with the drugs.  In this case, by contrast, the

appellant's personal paper(s), and nothing else, was found with

the cocaine inside the knapsack.

An additional distinguishing factor is the differing proof

of control of the vehicle involved in Burchette and the case at

bar.  In Burchette, only the defendant's title to the vehicle

and personal items within the car established his dominion and

control.  Not only is that evidence present in this case, but

---

[2] At trial, however, Holley's girlfriend testified that the appellant (1) did not have a driver's license; (2) was not the only one who drove the subject vehicle; (3) had several friends who drove the vehicle, and (4) had not driven the vehicle over the two days prior to his arrest.  The trial court was not bound to credit this testimony.  See Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982) (the trial court determines the credibility of the witnesses and the weight of their testimony).  In addition, on appeal, we must "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all [of] the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn" from that credible evidence.  Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).

there is also the appellant's statement that he alone operated the vehicle, which was corroborated by his girlfriend. The totality of the evidence establishes the appellant's exclusive dominion and control.

The Commonwealth's evidence was competent and sufficient to prove beyond a reasonable doubt that the appellant was in possession of the cocaine. From the evidence presented as to the appellant's ownership, control and dominion over the vehicle, along with his personal property found with the cocaine, the trial court could conclude beyond a reasonable doubt that the defendant constructively possessed the drugs with the intent to distribute. "Although none of [the] circumstances, standing alone, would have sufficiently proved that defendant possessed the drugs, the facts combined to support the finding that the narcotics discovered were subject to defendant's informed 'dominion and control.'" Hetmeyer v. Commonwealth, 19 Va. App. 103, 111-12, 448 S.E.2d 894, 899-900 (1994).

For these reasons, we uphold the decisions of the trial court and affirm the appellant's conviction.

Affirmed.