COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Bumgardner
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
v.    Record No. 1779-01-1        JUDGE ROBERT P. FRANK
                                    JANUARY 4, 2002
KEBVIN SHAQUAN FOSTER


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Louis R. Lerner, Judge

Marla Graff Decker, Assistant Attorney
General (Randolph A. Beales, Attorney
General; Margaret W. Reed, Assistant Attorney
General, on brief), for appellant.

Theophlise L. Twitty for appellee.


Indicted for possession of cocaine, pursuant to Code

§ 18.2-248, Kebvin Shaquan Foster (appellee) moved the trial court

to suppress the cocaine found on him, contending the officer did

not have probable cause to arrest him for possession of cocaine.

Following a hearing on that motion, the trial court granted the

motion, finding that the police had no probable cause to arrest.

The Commonwealth appeals pursuant to Code § 19.2-398, contending

the police had probable cause to arrest.  We agree with the

Commonwealth and reverse the trial court.

---

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

On March 30, 2001, Hampton Police Officer Brian Snyder was driving toward 435 Dare Avenue, a known narcotics location. Snyder saw "several subjects" in that area of Dare Avenue, a location where the police "had received several complaints of drug activity taking place."

Snyder, who was still in his vehicle, "got within six feet of the group [where appellant was standing] . . . [and saw] the [appellee] at that time with his right hand behind his back." Appellee's back was towards the officer.

Snyder observed appellee reach behind his back with his hand closed, but "as he reached into his pants it opened up." "I could see at that time suspected cocaine in his hand in a plastic baggie." Snyder described the cocaine as a golf-ball-sized object. When appellee removed his hand from his pants, his hand was empty.

On cross-examination, defense counsel asked the officer, "You didn't know it to be cocaine, did you?" The officer replied, "I didn't have it tested at that time, no." Defense counsel then asked, "[Y]ou didn't know what it was?" The officer replied, "[N]o sir."

The following exchange took place between defense counsel and Snyder:

> Q. Did you have a reason to believe -- not just a suspicion -- that what he had was cocaine? Did you have reason to believe

-

that it was cocaine or you suspected it to be cocaine?  It's two different questions.

A.  Excuse me?

Q.  Did you suspect it to be cocaine?

A.  No, sir.  I saw an off-white substance that we retrieved before in the past which came back after being tested which could be at that point suspected cocaine reaching in the back of his pants.  The reason I testified it was suspected cocaine is because --

Q.  You suspected it to be cocaine?

A.  Exactly.  It had not been tested to be proven to be --

On re-direct, Snyder specifically stated the object "looked like cocaine."

Snyder testified that he had been with the special investigative unit of the Hampton police for four years.  Snyder attended "basic undercover school, narcotics investigation school, advanced tactical school," and a class at the state forensic laboratory on the identification of narcotics.  The officer had made between 60-100 arrests for possession of cocaine during his tenure with the investigative unit.

After observing the item in appellee's hand, Snyder exited his vehicle and asked appellee to put his hands on the car.  The officer told appellee that he had seen him put suspected cocaine in the back of his pants.  At first, appellee resisted the officer, but after the officer repeated the request, Foster put his hands on the car.  Snyder pulled appellee's rear waistband

-

away from his body and saw the plastic baggie with the suspected cocaine.  After retrieving the bag, the officer arrested appellee for possession of cocaine.  The officer also found $503 and a cell phone on the appellee.

At the suppression hearing, appellee argued the officer only "suspected" the object to be cocaine, that the officer only had "reasonable suspicion" and not probable cause to arrest.

The trial court described appellee's argument as follows: "If he doesn't articulate probable cause and he only articulates the word suspect, [defense counsel] argues that's reasonable suspicion.  Therefore, he doesn't have anything more to do at that point than to pat him down and he can't search him." Defense counsel agreed with this explanation of the motion to suppress.

The trial court discussed the argument with the prosecutor:

> [THE COURT:]  You're asking the Court to infer from the remainder of the testimony that he had the probable cause to do the search beyond the fact that he has articulated nothing but a suspicion.  You're asking the Court to read into every other fact he testified about for the Court to make a determination that there was probable cause for him to search.  Is that correct?
>
> THE COMMONWEALTH:  Yes, Your Honor.
>
> THE COURT:  Even though he hasn't articulated the words probable cause.  He only articulated suspicion.  You're saying I can go beyond his articulation and I can say he had the probable cause to do the search. He could do more than a pat-down at that

-

point even though he has not articulated that to me.

THE COMMONWEALTH:  Yes, Your Honor.

The trial court then granted appellee's motion to suppress the fruits of the search.  The Commonwealth appealed this ruling.

## ANALYSIS

"It is well established that on appeal the burden is on the appellant[, the Commonwealth in this instance,] to show, considering the evidence in a light most favorable to [appellee], that the [granting] of a motion to suppress constitutes reversible error."  Commonwealth v. Tart, 17 Va. App. 384, 390-91, 437 S.E.2d 219, 223 (1993).

> Questions of reasonable suspicion and probable cause . . . are subject to de novo review on appeal.  See McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc).  "In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them . . . ."  Id. at 198, 487 S.E.2d at 261.

Archer v. Commonwealth, 26 Va. App. 1, 8, 492 S.E.2d 826, 830 (1997).

> "[T]he test of constitutional validity [of a warrantless arrest and incidental search] is whether, at the moment of arrest, the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed."  Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970) (citing Brinegar v. United

-

States, 338 U.S. 160 (1949)). To establish probable cause, the Commonwealth must show "'a probability or substantial chance of criminal activity, not an actual showing'" that a crime was committed. Ford v. City of Newport News, 23 Va. App. 137, 143-44, 474 S.E.2d 848, 851 (1996) (quoting Illinois v. Gates, 462 U.S. 213, 243 n.13 (1983)). "In determining whether probable cause exists courts will test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control." Hollis v. Commonwealth, 216 Va. 874, 876-77, 223 S.E.2d 887, 889 (1976) (citation omitted). The issue of whether probable cause existed to make a warrantless search involves questions of both law and fact and is reviewed de novo on appeal. See McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 691 (1996)).

Powell v. Commonwealth, 27 Va. App. 173, 176-77, 497 S.E.2d 899, 900-01 (1998).

Appellee relies on DePriest v. Commonwealth, 4 Va. App. 577, 359 S.E.2d 540 (1987), to support his contention. In DePriest, we held an officer's observation of several "hand to hand" transactions was not sufficient for probable cause to arrest because the officer "did not observe suspected narcotics change hands nor did he observe the exchange of any object which in his experience suggested narcotics." Id. at 585, 359 S.E.2d at 544 (emphasis added).

Here, the officer, trained and experienced in drug interdiction and having made between 60-100 drug arrests, saw in appellee's hand a substance he "suspected" was a baggie

-

containing cocaine.  He also testified the object "looked like cocaine."  This event occurred in a location known for narcotics.  In addition, appellee clearly attempted to hide the item from the police.

Powell is more applicable to these facts than DePriest. Officers arrested Powell after observing him in a high crime area, making furtive gestures as if to discard something that appeared to be cocaine.  Powell, 27 Va. App. at 177, 497 S.E.2d at 901.  We held, "[I]t was reasonable for [Officer] Stokes, drawing upon his training and experience, to conclude that the substance was probably cocaine."  Id.  This presumption, together with Powell's behavior, gave the officers probable cause for the arrest.

Here, the police had received several complaints about drug activity on this particular street.  Appellee was standing in this area with several other people.  The officer observed him hiding something that "looked like cocaine" in the back of his pants.  Under these circumstances, it was reasonable for Snyder, drawing upon his training and experience, to conclude that the substance probably was cocaine.  He then had probable cause for the arrest.

The fact that the officer did not intone the words "probable cause" is of no moment.  An officer is not required to use these particular words in order for a trial court to find probable cause existed.  "'[P]robable cause is measured against

-

an objective standard.'"  Taylor v. Commonwealth, 10 Va. App.
260, 266, 391 S.E.2d 592, 595-96 (1990) (quoting United States
v. Salinas-Calderon, 728 F.2d 1298, 1300 (10th Cir. 1984)
(citing Beck v. Ohio, 379 U.S. 89, 96, (1964))).  Probable cause
exists when, after examining the totality of the circumstances,
"'"the facts and circumstances within the arresting officers'
knowledge and of which they had reasonably trustworthy
information are sufficient in themselves to warrant a man of
reasonable caution in the belief that" an offense has been or is
being committed.'"  Jefferson v. Commonwealth, 27 Va. App. 1,
12-13, 497 S.E.2d 474, 479-80 (1998) (quoting Brinegar, 338 U.S.
at 175-76 (quoting Carroll v. United States, 267 U.S. 132, 162
(1925))).

     The use of legal terms such as "probable cause" and
"reasonable suspicion" by the witnesses clearly does not enter
into this determination.  If Snyder had stated that he had
probable cause, but in fact he did not, the trial court would
not be bound by that subjective belief or his legal conclusion.
An officer's subjective belief or statement that he had probable
cause does not bind a court to agree with that determination.
See Dickerson v. Commonwealth, 35 Va. App. 172, 183, 543 S.E.2d
623, 628-29 (2001) ("[T]he officer's subjective beliefs are
irrelevant for purposes of determining whether the officer
actually had probable cause to arrest.").  Conversely, the
failure of an officer to testify using the "magic words," i.e.,

-

probable cause, does not require a court to find an arrest was illegal.

Here, we are not reviewing the trial court's findings of historical fact. Credibility is not an issue in this argument. The parties agree on the facts. We need determine only whether, based on the facts known to Snyder, would a man of reasonable caution believe an offense had been or was being committed, thus giving him probable cause to arrest appellee. See Jefferson, 27 Va. App. at 12-13, 497 S.E.2d at 479-80.

While the officer spoke in terms of "suspected cocaine," his testimony clearly explained he used the term because he could not be absolutely certain the item in the baggie was cocaine until the laboratory analysis was completed. See Armstrong v. Commonwealth, 29 Va. App. 102, 110-11, 510 S.E.2d 247, 250-51 (1999) (explaining that officers have probable cause to arrest a suspect observed holding something that, based on the officers' experience, training, and the surrounding circumstances, they believe or suspect is illegal narcotics). See also Purdie v. Commonwealth, 36 Va. App. 178, 188-89, 549 S.E.2d 33, 38 (2001) (finding probable cause to arrest where the officer's training, experience, and the surrounding circumstances led him to believe the defendant was attempting to conceal drugs, although the officer did not see the item the defendant attempted to hide); Carson v. Commonwealth, 12 Va. App. 497, 502, 404 S.E.2d 919, 922 ("[A]n investigating officer

-

does not have to 'deal with hard certainties, but with probabilities,' and is permitted to make 'common-sense conclusions about human behavior' in assessing a situation" for probable cause. (quoting <u>Texas v. Brown</u>, 460 U.S. 730, 742 (1983))), <u>aff'd en banc</u>, 13 Va. App. 280, 410 S.E.2d 412 (1991), <u>aff'd</u>, 244 Va. 293, 421 S.E.2d 415 (1992).

We conclude, therefore, that Officer Snyder had probable cause to arrest appellant for possession of cocaine; therefore, the search of his person incident to the arrest was lawful. "'When an officer has probable cause to arrest a person, the officer may search the person . . . .'" <u>Williams v. Commonwealth</u>, 21 Va. App. 263, 267, 463 S.E.2d 679, 681 (1995) (quoting <u>Buck v. Commonwealth</u>, 20 Va. App. 298, 304, 456 S.E.2d 534, 537 (1995)). We reverse the decision of the trial court and remand for trial on the indictment.

<u>Reversed and remanded.</u>