COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Agee
Argued at Chesapeake, Virginia


DEWAYNE BRAVELETT ELLIS

                              MEMORANDUM OPINION[*] BY
v.    Record No. 2977-01-1      JUDGE G. STEVEN AGEE
                                  JULY 30, 2002
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Randolph T. West, Judge

          Theophlise Twitty (Jones and Twitty, on
          brief), for appellant.

          Robert H. Anderson, III, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     Dewayne Bravelett Ellis (Ellis) was convicted in a bench

trial before the Circuit Court of Newport News of possession of

a firearm by a convicted felon, in violation of Code

§ 18.2-308.2.  He was sentenced to serve a term of two years

incarceration.  On appeal, he contends the trial court erred in

denying his motion to strike the Commonwealth's evidence,

contending the evidence was insufficient to prove he possessed a

firearm.  For the following reasons, we disagree and affirm his

conviction.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.  BACKGROUND

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

Officers of the Newport News Police Department executed a search warrant at a Newport News apartment.  As Detective Pollack entered a bedroom in the apartment he saw a female near a bed.  Ellis was about seven feet from the woman and stood near a closet.  The detective then witnessed Ellis make a "slight throwing motion or dropping motion with his right hand" and "heard something hit the ground."  He "immediately" recovered a handgun "less than a foot from where [Ellis] was standing" and in the area where Ellis' throw was directed.  Detective Pollack acknowledged that he had not seen the object that Ellis dropped onto the floor, however, he saw no other items near the firearm.

The detective also saw the woman drop a brown bag. However, she did not make any throwing motions in the direction where the firearm was recovered.

II.  ANALYSIS

On appeal, Ellis, a previously convicted felon, contends the evidence was insufficient to establish he possessed a firearm in violation of Code § 18.2-308.2.  He contends the Commonwealth failed to prove beyond a reasonable doubt that he was aware of the presence and character of the firearm and was

-

intentionally and consciously in possession of it. For the following reasons we disagree and affirm his conviction.

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, this Court does not substitute its own judgment for that of the trier of fact. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). Witness credibility, the weight accorded the testimony and the inferences to be drawn from proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

To support a conviction for possession of a firearm after having been convicted of a felony, the Commonwealth must prove beyond a reasonable doubt that a defendant knowingly and intentionally possessed the firearm. See Blake v. Commonwealth, 15 Va. App. 706, 427 S.E.2d 219 (1993). "[P]ossession may be proved by 'evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he

-

knew of the existence of [the contraband] at the place where they were found.'" Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975) (quoting Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970)). "[P]ossession 'need not always be exclusive. The defendant may share it with one or more.'" Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (quoting Gillis v. Commonwealth, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974)). Proximity to the contraband is a factor that may be considered in determining whether a defendant possessed the contraband. See Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc). Occupancy of the premises on which the contraband was found is likewise a circumstance probative of possession. See Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).

Such circumstantial evidence may be sufficient to prove possession. "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

There is sufficient evidence in the case at bar to support the trial court's finding that Ellis possessed the firearm. Detective Pollack witnessed Ellis make a movement that appeared as if he was dropping something, and then heard the sound of

-

something hitting the floor.  He then saw the firearm, within a foot of where Ellis stood, with no other objects on the floor. Accordingly, the trial court could conclude beyond a reasonable doubt that Ellis possessed the firearm.

Our holding is supported by our prior decisions.  In Collins v. Commonwealth, 13 Va. App. 177, 409 S.E.2d 175 (1991), we affirmed the defendant's conviction for possession of cocaine with intent to distribute where a police officer came upon the defendant in a vehicle at night in the parking lot of an apartment complex.  From a distance of about 30 feet, the officer saw Collins make a throwing motion under his vehicle with his right arm, and officers then retrieved baggies of cocaine from under the car.  In affirming the conviction, we rejected arguments substantially identical to those now raised by Ellis.

Collins asserted that no officer had seen any contraband in his hand, but rather merely observed him in a dimly lit parking lot make a motion with his hand.  Consequently, Collins contended that the evidence did not eliminate the possibility that the cocaine already was under his car.  We noted that cocaine was something of significant value and not something likely to have been abandoned or carelessly left behind and held the evidence, when viewed in the light most favorable to the Commonwealth, contained credible evidence to support Collins' conviction.  Id. at 179-80, 409 S.E.2d at 176.

-

In Powell v. Commonwealth, 27 Va. App. 173, 497 S.E.2d 899 (1998), we upheld the defendant's conviction for cocaine possession where police officers approached the defendant, sitting on a low wall with two other men, and witnessed the defendant place his clenched left hand behind his back keeping it close to his body as he did so and then bring the hand, unclenched, back to the front of his body. Immediately thereafter, the police recovered a small paper bag containing crack cocaine that had been lying on the ground directly behind where the defendant had been sitting. In affirming Powell's conviction for possession of cocaine, we stated:

> [Powell's] suspicious hand movement and the fact that cocaine was found precisely where [he] would have dropped an object from his left hand behind his back, support the inference that [he] possessed the bag of cocaine and discarded it on the ground behind him when the officers approached.

Id. at 178-79, 497 S.E.2d at 901.

Consistent with these authorities, the evidence in this case supports the trial court's determination that Ellis constructively possessed the firearm. Accordingly, Ellis' conviction is affirmed.

Affirmed.

-