UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Ortiz and Senior Judge Annunziata

MARCIA LOUISE JOHNSON

v.     Record No. 1506-22-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROSEMARIE ANNUNZIATA
SEPTEMBER 12, 2023

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Victoria A.B. Willis, Judge

(Alexander Raymond; Raymond Law, PLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Michael L. Eaton, Assistant
Attorney General, on brief), for appellee.

Marcia Johnson challenges the sufficiency of the evidence to sustain her conviction for

possession of a Schedule I or II controlled substance.[1]  After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit."  Therefore, we dispense with oral argument in accordance with Code § 17.1-403(ii)

and Rule 5A:27(a).  For the following reasons, we affirm the trial court's judgment.

BACKGROUND

On appeal, we review the evidence "in the 'light most favorable' to the Commonwealth,

the prevailing party in the trial court."  *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  Doing so requires us to "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Johnson did not appeal her conviction for shoplifting.

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On January 28, 2022, Stafford County Sheriff's Deputy Crossett arrived at a store in response to a reported theft. A store employee reported that he saw Johnson concealing merchandise and altering their price tags. He described Johnson's behavior as "erratic" and opined that she was "tweaking out." At the employee's direction, Deputy Crossett watched Johnson on a store surveillance camera as she approached a cash register carrying a purse and pretended to pay for the stolen items. As she did so, Deputy Crossett noticed that Johnson "stumbl[ed]," had "very jerky mannerisms," and "seemed unable to control her facial expressions," which he opined was consistent with "intoxication."

When Johnson attempted to leave the store without paying for the stolen merchandise, Deputy Crossett confronted her. Johnson immediately raised her arms in surrender and began crying, so the deputy escorted her to an office to question her. Johnson sat on a bench while Deputy Crossett searched her purse, which contained stolen merchandise and "Suboxone strips." Denying that she was intoxicated, Johnson claimed that she had recently consumed "over the counter speed" and had not slept in two days.

As she spoke to the deputy, Johnson reached inside her jacket pocket to remove more stolen items and accidentally knocked over a box that was beside her. When Johnson stood to pick up the box, Deputy Crossett noticed a small plastic bag containing "crystalline white powder" on the bench "exactly where" Johnson had been sitting. At trial, Deputy Crossett testified that the plastic bag had not been there previously and it "lined up nearly perfectly with [Johnson's] right jacket pocket, as if it had fallen out when she removed" the stolen items. Forensic testing established that the plastic bag contained methamphetamine, a Schedule II

controlled substance. Johnson told Deputy Crossett that she was wearing her daughter-in-law's jacket and that "the methamphetamine that was in [her] pocket was her daughter-in-law's."

Johnson, a convicted felon, testified at trial and denied knowledge of the methamphetamine. She maintained that she had borrowed her daughter-in-law's jacket and did not use drugs, although Johnson had prior convictions for drug possession and she recognized the appearance of methamphetamine. Johnson also claimed that she had a hip injury that explained her erratic movements in the store.

Following closing arguments, the trial court convicted Johnson of possession of a Schedule I or II controlled substance. Johnson appeals.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Johnson contends that the evidence established only her proximity to the methamphetamine, which is insufficient to prove possession. Additionally, she asserts that the evidence failed to exclude her reasonable hypothesis of innocence that a third party hid the methamphetamine in the office without her knowledge and she accidentally discovered it by knocking over the box. We disagree.

"A conviction for the unlawful possession of [contraband] can be supported exclusively by evidence of constructive possession," whether sole or joint. *Smallwood v. Commonwealth*, 278 Va. 625, 630 (2009) (quoting *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008)). Constructive possession may be established by "evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the [contraband] and that the [contraband] was subject to his dominion and control." *Id.* "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing." *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion." *Id.* at 512-13 (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)). Moreover, "[b]y finding the defendant guilty, . . . the factfinder 'has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.'" *James v. Commonwealth*, 53 Va. App. 671, 681 (2009) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004)). That conclusion "is itself a 'question of fact,' subject to deferential appellate review." *Id.*

The record supports the trial court's finding that Johnson knowingly and intentionally possessed the methamphetamine found on the bench. To begin, we have recognized that although a

person's proximity to contraband alone is insufficient to establish possession, it is a "probative factor[] to be considered in determining whether the totality of the circumstances supports a finding of possession." *Watts v. Commonwealth*, 57 Va. App. 217, 233 (2010). Here, Deputy Crossett testified that immediately after Johnson reached into her pocket and stood up to retrieve the fallen box, he found the methamphetamine "exactly" where Johnson had been sitting—"lined up nearly perfectly with [Johnson's] right jacket pocket, as if it had fallen out." *Cf. Powell v. Commonwealth*, 27 Va. App. 173, 180 (1998) (holding evidence proved defendant possessed drugs found near where he made a movement as if discarding an object). Moreover, a fact finder may infer a defendant's knowledge of the nature and character of a controlled substance from his confessed prior use of that drug. *Brown v. Commonwealth*, 5 Va. App. 489, 492 (1988). Johnson admitted that she recently consumed "over the counter speed," and she appeared "intoxicated" and exhibited "erratic" behavior consistent with drug use.

Additionally, although Johnson claimed that a third party placed the methamphetamine in the office without her knowledge, it is well-established that methamphetamine and other drugs are "commodit[ies] of significant value, unlikely to be abandoned or carelessly left in an area." *Ervin v. Commonwealth*, 57 Va. App. 495, 517 (2011) (en banc). Indeed, in judging Johnson's credibility, the trial court was entitled to discount her self-serving denials of drug use and knowledge of the methamphetamine as "little more than l[ies] to 'conceal h[er] guilt,' and could treat such prevarications as 'affirmative evidence of guilt.'" *Coleman v. Commonwealth*, 52 Va. App. 19, 25 (2008) (first quoting *Haskins*, 44 Va. App. at 10; and then quoting *Wright v. West*, 505 U.S. 277, 296 (1992)).

In sum, a rational fact finder could conclude from the above evidence that Johnson knowingly and intentionally possessed the methamphetamine. In addition, the record supports the

trial court's finding that the evidence did not contain a reasonable theory of innocence.

Accordingly, we find no basis to disturb the trial court's judgment.

## CONCLUSION

For the above reasons, we affirm the trial court's judgment.

*Affirmed.*